1813.                    CAVENCE *against* BUTLER.

*Sunbury,*
*Wednesday,*
June 9.                          IN ERROR.

The Act of 20th **E**RROR to the Common Pleas of *Northumberland.*
*March* 1810,
which directs that
the defendant          In the Court below it was an appeal by *Cavence* the de-
who appeals from fendant, from the judgment of a justice, for 74 dollars 63
the judgment of a
justice of the cents. Upon his appeal he caused security to be given in
peace, *shall be*
*bound with surety* the nature of special bail, in the sum of 140 dollars; but he
in the nature of.
special bail, is did not join in the recognizance, and what was the form of
satisfied by his the recognizance did not appear, as it did not come up with
finding surety,
without joining in the record.
the recognizance.
If special bail          After the appeal was entered, the defendant entered a
upon an appeal, rule of arbitration, and both parties attended and chose
to the Common
Pleas by the de- arbitrators. The plaintiff then obtained a rule to shew cause,
fendant, is irregu-
larly or informally why the appeal should not be quashed. Afterwards the
taken, and after plaintiff and defendant appeared before the arbitrators and
the cause is in
Court, the plain- tried the cause. The arbitrators finally awarded that the
tiff appears before
arbitrators and plaintiff had no cause of action; the plaintiff appealed, and
pleads his cause, about six months afterwards the motion to quash the ap-
the informality
of bail is waived. peal was, after argument, allowed.

The ground for quashing the appeal was an irregularity
in entering special bail, the defendant himself not being
bound according to the terms of the fourth section of the
Act of 20th *March* 1810, and also some defect in form,
which did not appear in the record.

The answer to the irregularity in form, was a waiver by
appearing before arbitrators and trying the cause; and the
joinder of the appellant himself, was denied to be necessary.

*Maus* for plaintiff in error.

*Bradford* contra.

TILGHMAN C. J. The defendant in error contends, that
the appeal was properly quashed for two reasons. First, be-
cause the *defendant himself* was not bound along with his
sureties in the recognizance in nature of special bail.
Second, because the recognizance was not taken in the form
prescribed by law. The question arises on the fourth sec-

tion of the act of 20th *March* 1810, commonly called the one hundred dollar act. This act directs that where the defendant is the appellant, *he shall be bound with surety in the nature of special bail* in a sum sufficient to cover the sum in controversy, all the costs which have accrued or may accrue, a counsel fee of four dollars, and an allowance of fifty cents a day for every day the appellee shall attend on such appeal. The law having required that the defendant *himself* shall be bound, it is said that because he was not bound, the appeal was irregularly entered, and that the act ought to receive a strict construction, because the legislature intended to throw all possible obstructions in the way of an appeal. I have said on former occasions, and now repeat, that as the appeal is for the purpose of obtaining a trial by jury, and the obstruction of the appeal is consequently the obstruction of trial by jury, I never can presume that the legislature intended to throw any greater impediment in its way than was necessary for the security of that party, in whose favour the judgment has been given by the justice of the peace. All that is necessary for him is to have *good security*. Whether that security be given by the defendant himself or by others for him, is perfectly immaterial to the plaintiff. But it is of great consequence to the defendant, to be able to give the necessary security without the inconvenience of attending in person, which may be sometimes so great as to cut him off from his appeal. In order therefore, to effectuate the true intent of the legislature, the expressions *he shall be bound with surety*, &c., are to be construed he shall be *bound by surety*, &c., or he shall *find surety*. It is more analogous to special bail that the defendant should not be bound himself, for he never joins in a recognizance of special bail. A point very much like the present was decided on the *Statute*, 3 *Jac.* 1. *c.* 8, by which it was enacted, that executions on writs of error shall not be staid, unless *the person in whose name the writ of error is brought, shall be bound with sufficient sureties*, &c. The uniform construction on this statute has been, that if sufficient security is entered, the execution shall be staid although *the party himself is not bound*, because the end of the law is answered by giving sufficient security. *Carth.* 131., 3 *Vin.* 465. *H. pl.* 3. This construc-

1813.

CAVENCE
v.
BUTLER.

tion is so reasonable, so convenient, and so well calculated to attain the real object of the act of assembly, that I am clearly of opinion it is right, although the Courts of Common Pleas of several districts have thought otherwise.

2. Whether the recognizance was taken in the precise form required by the act of assembly does not appear, because we have not a copy of it, but only the justice's certificate of the substance of it. It appears however, that security was entered in double the sum recovered, and the justice supposed that it was entered according to law. I think it unnecessary to give an opinion on this objection, because even if the recognizance was informal, the plaintiff has waived the exception by appearing before the arbitrators, and pleading his cause, after he had moved that the appeal should be quashed. If an award had been made in his favour, we should have heard no more of this informality. But the referees having reported that he had no cause of action, he recurs to his old objection, that the appeal was not regularly entered. The security in nature of special bail was for the benefit of the plaintiff. It was in his power therefore to waive it, and permit the defendant's appeal to be entered without security; and he has waived it by going on to trial before the referees. Upon the whole I am of opinion that the appeal was improperly quashed, and therefore the judgment should be reversed. The record is to be remitted to the Court of Common Pleas in order that they may proceed to the end of the cause.

YEATES J. was absent in consequence of sickness.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment reversed.