The opinion of the Court was delivered by
Gibson J.
It is impossible to distinguish this case from *330 Cavence v. Butler, 6 Binn. 52, in which, under the 4th section of the one hundred dollar act, which directs, that where ' the defendant is the appellant, “ he Shall be bound with security in the nature of special bail,” it was held, that the act was satisfied by the defendant’s finding surety -without joining in the recognisance. The 12th section of the arbitration act, on which the point here turns, directs, “ that where the plaintiff is the appellant, he shall by himself, his agent, or attorney, -with one or more sureties be bound in recognisance, &c.” “ Both these particles by and -with, says Dr. Blair, express the connection between some instrument, or means of effecting an end, and the agent who employs it: but -with expresses a more close and intimate connection; by a more remote one.” In the case before us the distinction is perfectly exemplified, and the difference of meaning accurately observed. The plaintiff by himself, his agent, or attorney, is to be bound ; and this refers to the more remote means of furnishing sureties ; but being bound with sureties relates to the immediate application of the means to the object, which is the entering into the recognisance : so that the distinction endeavoured to be drawn between the language of the two acts, cannot even on principles of abstract grammatical construction be sustained; and the difference, if any, would make against the argument. But a safer mode of ascertaining the intention is, by comparing the several parts of the act, and considering the reasons and objectsof its provisions. Now the 24th section, which provides for appeals by the defendant, directs, that he shall, by himself, his agent, or attorney, produce one or more sufficient sureties, xvho shall enter into recognisance, &c., thus expressly excluding the defendant himself. Can we doubt, that the difference in the language of the two sections, trifling as it is, was purely accidental ? For why should the plaintiff be directed to join in the recognisance when he is the appellant, and the defendant, when he appeals, be expressly excluded ? The award which, in either case, has, until it is abated on appeal, the effect of a judgment, binds both the land and the person of the appellant, and it is therefore difficult to understand how the security of the appellee could be enlarged by any personal engagement of the appellant: and where the words are doubtful we ought not to suppose the legislature intended to direct the performance of a merely nugatory act. In fact, the intention in *331 both sections was the same ; but the language of the last is more explicit, and this is the only difference between them. The strength of the argument is, that from its position in the sentence, the particle with, performs the office of a copulative conjunction, connecting the sureties with their principal ; which construction would undoubtedly require all to join in the recognisance ; but if the legislature had meant to connect all of them, together, they would have used the words together with; and besides I pay no attention to the collocation of words in a sentence, which those who have had any experience of the manner in which acts of assembly are usually drawn, know to be entirely fortuitous. The judgment of the Court quashing the appeal must be reversed.
Judgment reversed.