CURTIS *v.* RICHARDS & VANTINE.

There are but two forms in which a defendant can controvert the allegations of a verified complaint; first, positively, when the facts are within his personal knowledge, and second, upon information and belief, when they are not.

In no case can the allegation of a verified complaint be controverted by a denial of sufficient knowledge or information upon the subject, to form a belief.

The denial of any indebtedness, without a denial of any of the facts from which that indebtedness follows as a conclusion of law, raises no issue.

An undertaking on an appeal is an independent contract on the part of the sureties, in which it is not necessary that the appellant should unite.

Whether the Superior Court of the city of San Francisco had jurisdiction to render a judgment over two hundred dollars, is no longer an open question :  *Held*, that it had such jurisdiction on the principle of *stare decisis*.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The complaint in this case alleges that, on the fifteenth day of January, one thousand eight hundred and fifty-six, the plaintiff obtained a judgment in the Superior Court of San Francisco, against David Scannell, sheriff, for the sum of two thousand three hundred and forty-five dollars; that Scannell appealed from said judgment to the Supreme Court, and that Richards & Vantine executed, on behalf of said Scannell, on the eighth day of March, one thousand eight hundred and fifty-six, an undertaking joint and several, in the sum of four thousand eight hundred dollars, whereby they and each of them undertook and promised to the effect "that the said Scannell should pay the said judgment so appealed from, if the same, or any part thereof, should be affirmed, and if affirmed only in part, then the amount as to which said judgment should be affirmed, and all damages and costs which should be awarded against the said appellant on said appeal."

The complaint further alleges that on the twentieth day of De-

cember, one thousand eight hundred and fifty-six, the Supreme Court affirmed said judgment, with costs; that the *remittitur* from the Supreme Court was issued and filed in the Superior Court December thirty-first, one thousand eight hundred and fifty-six; that on the sixth day of January, one thousand eight hundred and fifty-seven, execution issued on said judgment of the Superior Court, which execution was, on the ninth day of January, one thousand eight hundred and fifty-seven, returned "unsatisfied." That no part of said judgment has been paid, and that the same is still due, of all of which defendants had notice. The complaint is verified.

The defendants, in their answer, say "that as to the allegation in the said complaint, that proceedings had been taken in the Superior Court, they have not sufficient knowledge or information to form a belief whether any such proceedings were had, or if had, whether the same were regular, or whether any judgment was rendered therein," etc. "They therefore deny the same."

"Defendants further say that they have no knowledge or information sufficient to form a belief whether proceedings were taken on appeal," etc. "They therefore deny the same."

"Defendants make a denial in the same language as to the issuing and filing the *remittitur*, and also denied the indebtedness.

To this answer the plaintiff demurred, the Court sustained the demurrer, and gave judgment for plaintiff. From which judgment defendants appealed to this Court.

*John Currey* for Appellant.

1. The Court called and designated "The Superior Court of the city of San Francisco," had no jurisdiction to render a judgment for two thousand two hundred and fifty dollars.

The Constitution of this State declares that "the District Courts shall have original jurisdiction in law and equity, in all case where the amount in dispute exceeds two hundred dollars."

This clause of the Constitution has received a judicial construction by this Court. Caulfield *v.* Hudson, 3 Cal. R., 389; Zander *v.* Coe, 5 Cal R., 230; Mayer *v.* Kalkman, 6 Cal. R., 582; People *v.* Hughes, 1 Cal R., 342.

2. It is averred that the defendants signed the undertaking as sureties only, the principal not signing. The surety is made liable upon the consideration which exists between the principal and the promisee or obligee, and that consideration must appear on the face of the instrument. Ex Parte Brooks, 7 Conn., 428; Richardson *v.* Craig, 1 Denio, 666; The Republic of Mexico *v.* Anangois, 11 Howard P. R., 6.

In all these cases it is held that undertakings on appeal, under statutes similar to ours, must be signed by the appellant.

In Newton *v.* Hagarnan, 1 Brown R., 95, a similar rule is

held under a Pennsylvania act.   Day v. Pickett, 4 Munford, 104; Roberts v. Holliday, 4 Mun., 323; Hardaldy v. Biles, 1 Smedes & Marshall, 757.

3. The appellant being the original obligor and principal in the undertaking, should have been made a party, though it should be held that he need not sign the undertaking.

When judgment is obtained against principal and sureties, in payment thereof by sureties they are entitled to the benefit of that judgment.   They are entitled to be in a position to enforce the judgment as against the principal, without another action, which they cannot do unless the principal is made a party to the action against them.

The answer is sufficient.

1. The answer expressly charges that there was no lawful consideration.

The complaint has not shown what the consideration was, so that the Court could ascertain upon inspection of the pleadings, as to the correctness of this issue.   If the consideration was the staying of execution, then it was competent for the defendants to show that execution was not stayed.

2. The answer expressly asserts that the instrument upon which the action is brought is void.

3. The denials in the answer are sufficient to put the whole complaint at issue.   It denies the indebtedness as charged.   2 Code R., 67; 5 How. P. R., 321; Snyder v. White, 6 How. P. R., 321; Temple v. Murray, ib., 330; Sherman v. Bushnell, 7 How. P. R., 171.

The demurrer, we think, should have been overruled, as well for insufficiency of plaintiff's complaint, as also for the sufficiency of the defendants' answer.

*L. D. Simons and E. B. Mastick,* for Respondent.

The answer does not deny either positively, or on information and belief, a single material fact or allegation in the plaintiff's complaint.

The complaint being verified, the defendants were bound to deny or admit, either positively or on information and belief, the allegations in the complaint.   Practice Act, § 46, p. 18.

The act as originally passed, § 46, Laws of 1851, p. 57, provided that the defendant might answer that he had not any knowledge sufficient to form a belief.

The New York code contains a similar provision.   4 Ed. Voorhees Code, § 149, p. 189.

The Legislature of this State amended this section so as to require that the defendant should either admit or deny on information or belief.   By this change the Legislature intended to require the defendant to give his belief, or make some inqui-

ries and obtain such information so as to either deny or admit from such information or belief.

It has been held in New York, where the party executed the instrument, he was bound to either admit or deny positively. Lent v. Lent, 8 How. P. R., 28.

And where he could easily ascertain, and had the means of informing himself, he must admit or deny from information and belief. Hance v. Remming, 1 Code R., N. S., 204; Wesson v. Judd, 1 Abbott P. R., 254.

The denial, in the answer, of the indebtedness alleged in the complaint, is insufficient in this : It does not deny any fact or material allegation, making out the cause of action, and consequently does not put in issue any fact to be tried.

For material allegation, see Practice Act, § 66.

An answer denying indebtedness is bad. Pierson v. Cooly, 1 Code R., 91; Gaushee v. Leavitt, 5 Cal. R., 160; McMurray et al. v. Gifford, 5 How. P. R., 14; Baker v. Bailey, 16 Barb., 57.

The appellants insist that the undertaking is void, and that they are not liable.

1. Because it was not executed by the appellant.

2. Because the judgment and proceedings in the Superior Court are void.

As to the first objection, no person could complain but the respondent. The undertaking is good as against the sureties.

The undertaking is good for the purpose of the appeal, and is in compliance with the statute. Bellinger v. Gardiner, 12 How. P. R., 381; Shaw v. Tobias, 3 Comstock, 188.

As to the second objection, the defendants, by entering into the undertaking, admitted the validity of the process and proceedings, and are estopped from setting up any irregularity or want of jurisdiction. Matoon et al. v. Eder, 6 Cal. R.; Steven v. Sornberger, 24 Wend., 275; Steven v. Sornberger, 19 Wend., 121; Crisman v. Mathews, 1 Scam., 148; Trimble v. The State, 4 Black., 435.

It is not necessary, in any case, to allege or state facts showing that the Court had jurisdiction under our system of pleading. Prac. Act., 22, § 59.

As to the fourth point of appellants, that there is no averment in the complaint that the defendants signed as sureties, etc., respondent says, they are the original makers and principals, so far as the plaintiff is concerned, and must be so regarded. Their agreement is not merely a guarantee that Scannell will pay, but that they will pay themselves.

In the case cited in 7 Cowen's Rep., the statute expressly required the party to execute, and all the cases cited by appellants, with the exception of 11 Howard, were decisions made under statutes essentially different from ours.

In the following cases it was held that such an undertaking

was good under a statute precisely in the words of our own. Billinger *v.* Gardner, 12 How. P. R., 381; Shaw *v.* Tobias, 3 Cow., 188; Thompson *v.* Blanchard, 3 Cow., 335; —— *v.* Levy, 12 Barb., 612.

The statute enters into and forms a part of the undertaking. The People *v.* Carpenter et al., above cited; Thompson *v.* Blanchard, 3 Cow. R., 335.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

This is an action upon an undertaking executed by the defendants, as sureties, on an appeal from a judgment recovered by the plaintiff, in the Superior Court of the city of San Francisco. To the answer the plaintiff demurred. The demurrer was sustained, and judgment rendered for the plaintiff, from which the defendants appeal, and contend: first, that the complaint is defective in substance, and that, upon demurrer, judgment should be rendered against the party committing the first error, if the defect be one of substance; second, that the answer is sufficient to raise an issue; third, that the undertaking was void, in not being executed by the appellant as well as the sureties; and fourth, that the Superior Court of the city of San Francisco had no jurisdiction to render the judgment appealed from, which was for two thousand two hundred and fifty dollars.

It is unnecessary to determine whether, upon a demurrer under our system of practice, judgment should be given against the party committing the first error, when the defect is one of substance, as we think the objection of the appellant to the complaint, that it does not aver a good and sufficient consideration for the undertaking, is untenable. The allegation that the undertaking was executed for the purpose of perfecting the appeal and staying the execution of the judgment, followed by the allegation as to the hearing and determination of the appeal by the Supreme Court, brings the case within the principle of the decision in Palmer *v.* Melvin, (6 California R., 651.) In that case, the undertaking was executed for the purpose of releasing property from attachment, and the complaint was held defective in not alleging that the property attached was released upon the execution and delivery of the undertaking. It did not appear that any action was taken on the undertaking after it was given. In the present case, no such defect exists in the complaint. The proceedings on the appeal show subsequent action on the undertaking; and its amount was sufficient, under the statute, to render the appeal effectual and to stay the execution of the judgment.

The answer was clearly demurrable. The complaint is verified, and the answer does not deny any of its material allegations, either positively or upon information and belief. There

are but two forms in which a defendant can controvert the allegations of a verified complaint, so as to raise an issue: first, positively, when the facts are within his own personal knowledge; and second, upon information and belief, when the facts are not within his own personal knowledge. (Practice Act, § 46.)

These forms cannot be indiscriminately used. If the facts alleged in the complaint are presumptively within the knowledge of the defendant, he must answer positively; and a denial upon information and belief, will be treated as an evasion. Thus, for example, in reference to instruments of writing alleged in a complaint to have been executed by the defendant, a positive answer will alone satisfy the requirements of the statute. If the defendant has forgotten the execution of the instruments, or doubts the correctness of their description or copy in the complaint, he should, before answering, take the requisite steps to obtain an inspection of the originals. (Practice Act, § 446.) If the facts alleged in the complaint are not personally within the knowledge of the defendant, he must answer according to his information and belief.

In no case, can an allegation of the complaint be controverted by a denial of *sufficient* knowledge or information upon the subject *to form a belief.* By the forty-sixth section of the Practice Act, as originally passed in 1851, it was provided, that an allegation of the complaint might be controverted by a denial "of any knowledge thereof sufficient to form a belief." In practice, this mode of denial was found to furnish a convenient pretext for evading the statute. In some instances, defendants became critical in their judgments, as to the extent of knowledge sufficient to form a belief, and would, without hesitation, deny, in that form, facts, upon the existence of which they did not hesitate to act in other matters. In 1854, the forty-sixth section was amended to the present language, and the wisdom of the amendment is well illustrated by the present case. The complaint alleges the recovery of a certain judgment in the Superior Court. The defendants executed an undertaking on appeal, reciting this judgment, and containing the usual covenant for its payment by the appellant, and damages and costs in case of affirmance by the Supreme Court, and yet, in their answer, they aver that "they have not *sufficient* knowledge or information *to form a belief*" whether any such judgment was rendered.

The denial of any indebtedness, without a denial of any of the facts from which that indebtedness follows, as a conclusion of law, raises no issue.

An undertaking on appeal is an independent contract on the part of the sureties, in which it is not necessary that the appellant should unite. He is already bound by the judgment, and no purpose could be served by his joining with the sureties.

The statute does not require it, but seems to have been drawn expressly to cover all cases where, from absence or disability, the appellant could not unite in the undertaking. The statute provides, that it shall be executed *on the part* of the appellant; not *by* him, but by the sureties. (Practice Act, §§ 348, 349.)

Whether the Superior Court of the city of San Francisco had jurisdiction under the Constitution to render a judgment over two hundred dollars, is not at this day an open question. On the principle of *stare decisis*, we must hold that the Court possessed the jurisdiction, under the Constitution, to render the judgment in question.

Judgment affirmed.