## MOKELUMNE HILL CANAL & MINING CO. *v.* WOODBURY, (No. 2449.)

THE existence of a corporation, formed under a general statute, requiring certain acts to be done before the corporation can be considered *in esse*, or its transactions be valid, must be proved by showing, at least, a substantial compliance with the requirements of the statute.

The omission of such acts as are declared necessary steps in the process of incorporation will be fatal, even collaterally, when the fact of incorporation can be questioned.

But as to such other acts required of the persons seeking to become incorporated, but not made prerequisites to the assumption of corporate powers, the corporation is responsible only to the government in a direct action of forfeiture.

Under our law, corporations have a legal existence from the date of filing the certificate of incorporation in the County Clerk's office.

That a duplicate certificate is not filed in the office of Secretary of State, is matter between the corporation and the State, and not necessary to be shown on the issue of corporation or no corporation in suits against third persons.

APPEAL from the Fifth District.

*Heydenfeldt,* for Appellant.

The certificate of the County Clerk was sufficient. (Statute of 1850, p. 366, Secs. 122, 123, 130.) There was no conflicting evidence; admitting that it was necessary to prove that a certificate had been filed with the Secretary of State, this was as clearly proved as could be done by secondary evidence.

The company organized as a corporation, and have been acting as such from 1852 up to the time of trial. (*Turnpike Co.* v. *McCarson,* 1 Dev. & Bat. 306.)

The County Clerk's certificate was sufficient evidence. (Grant on Corp. 201, 282; Statute of 1850, p. 366, Secs. 122, 123, 130; *Heerdink & Williams* v. *Holton,* Oct. T. 1859.)

*Robinson, Beatty & Heacock,* for Respondent.

A corporation is a franchise, created in this State by general law, the privileges, rights, and enjoyment of which, can only be procured by a strict compliance with the law.

No duplicate certificate was filed with the Secretary of State as required. (Acts of 1850, p. 365, Sec. 122.)

Independent of the statute, such a provision is necessary to the due administration of governmental power over corporations. The right of visitation is retained by the State over all associations created under its laws, and provision is made for its exercise. (See p. 350, Sec. 29, of same Acts.) This power would be idle, unless some provision was made whereby the government could be informed of the existence of such corporations.

The case resolves itself, then, to this, can a company of individuals procure a charter of incorporation by filing such certificate as the law requires with the County Clerk alone?

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

It is alleged in the complaint that the plaintiff is a corporation; and this allegation being denied in the answer, the case was tried in the Court below upon that issue alone. The plaintiff dates its corporate existence as far back as 1852, and claims to have been duly and regularly incorporated under the general Act of 1850,

providing for the formation of corporations for manufacturing, mining, mechanical, and chemical, purposes. Section 122 of that Act provides that any three or more persons, who may desire to form a company for either of these purposes, "may make, sign, and acknowledge, before some officer competent to take the acknowledgment of deeds, and file in the office of the Clerk of the county in which the business of the company shall be carried on, and a duplicate thereof in the office of the Secretary of State, a certificate in writing," etc. Section 123 provides, that "when the certificate shall be filed as aforesaid," the persons executing the same and their successors, shall be a body politic and corporate. Section 130 provides, that "the copy of any certificate of incorporation filed in pursuance of this Act, certified by the County Clerk or his Deputy to be a true copy, and of the whole of such certificate, shall be received in all Courts and places as presumptive legal evidence of the facts therein stated. On the trial of the case, it was shown that a certificate, in conformity with the requirements of the Act, had been filed in the office of the Clerk of the proper county, and a certified copy thereof was produced and read in evidence, but it was not shown that a duplicate had been filed in the office of the Secretary of State. It appeared in proof that the company had been doing business as a corporation since 1852, but the Court held, that as it was not shown that a duplicate had been filed as required by the Act, the evidence did not establish the fact of incorporation.

The general rule is, that the existence of a corporation may be proved by producing its charter, and showing acts of *user* under it; but this rule has no application to a corporation formed under the provisions of a general statute, requiring certain acts to be performed before the corporation can be considered *in esse,* or its transactions possess any validity. The existence of a corporation thus formed, must be proved by showing at least a substantial compliance with the requirements of the statute. But there is a broad and obvious distinction between such acts as are declared to be necessary steps in the process of incorporation, and such as are required of the individuals seeking to become incorporated, but which are not made prerequisites to the assumption of corporate powers. In respect to the former, any material omission will be fatal to the existence of the corpora-

tion, and may be taken advantage of, collaterally, in any form in which the fact of incorporation can properly be called in question. In respect to the latter, the corporation is responsible only to the government, and in a direct proceeding to forfeit its charter. The right of the plaintiff to be considered a corporation, and to exercise corporate powers, depends upon the fact of the performance of the particular acts named in the statute as essential to its corporate existence. Under the issues presented in the pleadings, there is no doubt that performance of these acts should have been shown, and if the filing of the duplicate of the certificate of incorporation is to be regarded as one of them, the Court below properly held that the existence of the corporation had not been established. But we do not see upon what principle such a construction of the statute is admissible. It is certainly not justified by the natural and ordinary import of the language used, which must furnish the rule of construction unless a contrary intention clearly appear. Section 122 of the Act provides, as we have seen, for the filing of a certificate with the Clerk, and a duplicate with the Secretary of State; but Section 123, declares that when the *certificate* shall be filed, the persons executing the same and their successors, shall be a body politic and corporate. The intention of the Legislature clearly was, that so far as individuals are concerned, the corporation should acquire a valid legal existence upon the filing of the certificate. The filing of the duplicate is exclusively a matter between the corporation and the State. The rights and privileges conferred by the statute, vest in the corporation upon the filing of the certificate, and can be divested only by a direct proceeding for that purpose. If the duplicate has not been filed, the assumption of corporate powers amounts simply to a usurpation of the sovereign rights of the State, the remedy for which rests with the State alone.

Judgment reversed, and cause remanded for a new trial.