## Case No. 6,969.

### HYDE v. DOE.

[4 Sawy. 133.][1]

District Court, D. California. Dec., 1876.

#### CORPORATIONS—CERTIFICATE.

Where certain persons formed a corporation under the act of April 11, 1862 (St. Cal. 1862, c. 187, p. 199), and without transacting any business re-incorporated themselves under the act of 1853, under which last incorporation all their business was done: *Held*, that the validity of those acts must be determined by the provisions of the act of 1853, notwithstanding that the first corporation was not formally disincorporated. The filing of the duplicate certificate with the secretary of state is not essential to the legal existence of a corporation, except as between it and the state.

[This was a suit by Henry C. Hyde, assignee, against Bartlett Doe.]

G. Cobb and Thomas B. Bishop, for complainant.

James L. Boyd and W. W. Crane, Jr., for defendant.

HOFFMAN, District Judge. The principal points discussed in the voluminous brief filed by the counsel for the plaintiff have already been considered and decided by the court. The only new facts developed by the testimony taken since the former decision are as follows: It appears that the corporation was originally formed under the act of April 11, 1862, but being advised by counsel that that act did not permit the extended operations contemplated by the company, a new incorporation was effected under the act of 1853. As no business whatever had been transacted under the original incorporation, it was not deemed necessary to formally disincorporate, and re-incorporate

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

under the new certificate. All the business ever transacted by the bank was done under the second incorporation. It appears, however, that the corporation was organized before the copy of its certificate, filed in the office of the county clerk, was filed in the office of the secretary of state. It is claimed that under these circumstances the corporation must be deemed to have been formed under the act of 1862, and that the validity of its acts must be determined by the provisions of that statute. But in this view I cannot concur.

There can be no question that its original incorporation was abandoned. It has never claimed or pretended to act under that certificate, and there was for several years a total non-user of any franchise it might have acquired by its first incorporation. The claim it now makes is purely technical and grossly inequitable. It seeks to recover back from the lender securities given to him for money honestly lent to it, and used in the course of its business and to pay its debts, without notice or suspicion that it was under any disability to contract the debt, and this without offering to return the money, or any part of it.

This court has already decided that the bank was not under any disability to contract a debt if incorporated under the act of 1853. To hold, that in judgment of law and contrary to the fact, it was incorporated and acting under its first abandoned and disused incorporation, and not under the substituted incorporation, which was made for the express purpose of increasing its powers and enabling it to extend its operations, would, in my opinion, be to establish an erroneous rule on purely technical grounds, and to the manifest defeat of justice. No authority for the position assumed by the counsel for the plaintiff is cited.

The names of the incorporators and that of the incorporations were the same in both cases. I am not aware of any legal obstacle to the formation by the same persons, and even under the same name, of as many corporations as they may desire. If in this case the second incorporation was regular, it may be regarded as creating a new and independent corporation, entitled to all the rights and privileges acquired by the act of incorporation as fully and completely as if the same persons had not previously incorporated themselves under the same name, but for a different purpose. In this view there would be two existing corporations having the same name, and composed of the same persons, but constituting distinct legal entities.

To determine the validity of an act purporting to have been performed by a corporation having the name common to both, it would be only necessary to inquire which of the corporations was acting. An in-

quiry, in this case, of easy solution, for the first corporation never transacted any business whatever. If it be objected that this view is technical and artificial, it may be answered that the claim of the plaintiff is based on purely technical grounds, and if allowed, would work a practical injustice.

It may further be urged that the mere act of creating a corporation by complying with the simple requirements of the laws on that subject does not, when the franchise has never been used, and all rights under it have been abandoned, create such a legal disability in the persons who have formed it, to create a new corporation for different purposes, though under the same name, as will make all acts, though in fact performed in the exercise of the new franchise, yet in the eye of the law considered to have been performed under the old and abandoned one; and this merely because the formality of a technical dissolution of the first corporation was not observed.

It is further contended that the acts of this corporation must be deemed to have been done under the first franchise, because the second corporation was organized before the copy of the certificate was filed in the office of the secretary of state. To this it is only necessary to say, that this point has been otherwise determined by the supreme court of this state.

In Mokelumne Hill Canal & Mining Co. v. Woodbury, 14 Cal. 426, it was held that though the right of the corporation to be considered such, and to exercise corporate powers depends upon the fact of the performance of the particular acts named in the statute, as essential to its corporate existence, yet that the filing of the duplicate certificate with the secretary of state is not one of these acts; that the corporation acquired a valid legal existence by the filing of the certificate with the county clerk, and that the remedy for the omission to file the duplicate rests with the state alone, and must be enforced by a direct proceeding instituted by it.

I consider this authority conclusive. So far as private persons are concerned the corporation acquired a valid legal existence by the filing of the certificate in the county clerk's office. A decree will be entered in accordance with this opinion.

[NOTE. A bill was subsequently filed by the defendant praying for a payment to him by the said assignee in bankruptcy of certain notes, with interest. A demurrer setting forth the statute of limitations according to the act of March 2, 1867 (14 Stat. 578), was sustained by the circuit court, and, upon appeal by the complainant, the decree was affirmed by the supreme court, opinion by Mr. Justice Blatchford. 114 U. S. 247, 5 Sup. Ct. 841.]