[Filed June 1, 1886.]

## JEAN DROUILHAT v. JOHN ROTTNER, Surety.

APPEAL FROM JUSTICE'S COURT—UNDERTAKING.—On an appeal from a Jus-tice's Court, it is not essential that the appellant himself should sign the undertaking.

MULTNOMAH COUNTY. Appeal by surety on under-taking. Affirmed.

*P. L. Willis*, for Appellant.

There is but one mode provided by law for taking appeals from justices' judgments, and the giving of an undertaking is one step in that mode, and a step which the statute says *must* be taken. The undertaking must be given in strict conformity with the requirements of the statute, in order to give the appellate court jurisdic-tion. (*Simison* v. *Simison*, 9 Or. 337.) The appeal is a statutory remedy, and to avail himself of it the appellant must comply strictly with the statute. (*State* v. *McKin-more*, 8 Id. 208.) The power to render judgment against sureties on bonds in legal proceedings, without a separate action, is statutory, and cannot be extended by implica-tion. (*Willard* v. *Fralick*, 31 Mich. 433.) Appeal bonds are subject to the same rules of construction as official bonds. (Murfree on Official Bonds, 36.) The liability of a surety is not to be extended by implication beyond the *terms* of his contract. (*Miller* v. *Stewart*, 9 Wheat. 702.)

494 ROUILHAT *v.* ROTTNER. [Sup. Ct.

Under a statute of New York, in effect the same as ours,. it was held that "the bond must be executed by the *party*," and that execution by the sureties only was not sufficient. (*Ex parte Brooks*, 7 Cow. 428.)

*Alfred F. Sears, Jr.*, for Respondent.

The question is, whether in an appeal from a Justice's to the Circuit Court it is essential for the appellant himself to sign the undertaking. No object is accomplished, no remedy secured, by the signing of an undertaking by an appellant. He is already bound by the judgment, and no purpose could be served by his joining with the sureties. (*Curtis* v. *Richards*, 9 Cal. 39; *Shelton* v. *Wade*, 4 Tex. 148; S. C., 51 Am. Dec. 722; *Cahoon* v. *Morton*, 4 Jones L. 256.) A substantial compliance with the statute is sufficient, and the words, "the undertaking of appellant," are simply a convenient phrase descriptive of the undertaking. (*Keene* v. *Deardon*, 8 East, 298; *Godfrey* v. *Dorr*, 7 Mod. 304; *Dixon* v. *Dixon*, 2 Bos. & Pul. 443.) Where a statute directed that where the plaintiff is appellant, he shall, *by* himself, his agent or attorney, with one or more sureties, be bound in recognizance, etc., the Supreme Court held it was unnecessary for the plaintiff to join in the recognizance. (*Boyce* v. *Wilkins*, 5 Serg. & R. 329; see *Thom* v. *Savage*, 1 Blackf. 51; *Vallence* v. *Sawyer*, 4 Me. 62.)

WALDO, C. J. Section 70 of the Justice's Code declares that on an appeal from a Justice's Court to the Circuit Court, "the undertaking of the appellant must be given with one or more sureties," etc. The question presented is, whether it be necessary to its validity that the appellant himself sign the undertaking.

The statute 16 & 17 Car. II., c. 8, sec. 3, enacted that,

no writ of error in certain cases should be stayed "unless the plaintiff or plaintiffs in such writ of error shall be bound" to the defendant in error "in such reasonable sum as the court to which the writ of error shall be directed shall think fit." In *Barnes* v. *Bulwer*, Carth. 121, this statute was held to be satisfied when the plaintiff in the writ, without entering into the obligation himself, "had found two sufficient men to be his bail." So in *Byron* v. *Deardon*, 8 East, 288, cited by respondent's counsel, the court said, to the objection made under the same statute, that the statute required the plaintiffs themselves to enter into the obligation "that they thought in reason and substance the act would be satisfied by plaintiffs in error procuring responsible persons to enter into the obligation required." And the case of *Dixon* v. *Dixon*, 2 Bos. & Pul. 443, holds that where one is required to become bound with sureties, the law is satisfied by an undertaking with sureties; for as Field, J., said in *Curtis* v. *Richards*, 9 Cal. 38, the appellant is already bound, and no purpose could be served by his joining with the sureties. (See also *Dickinson* v. *Eaton*, 2 Mich. 337, and *Vallence* v. *Sawyer*, 4 Me. 62.

In *Cavense* v. *Butler*, 6 Binn. 52, an act which directed that the defendant who appealed from the judgment of a justice of the peace shall be bound with sureties, was satisfied by his finding sureties without himself joining in the obligation. (And see *Boyce* v. *Wilkins*, 5 Serg. & R. 329; *N. American Coal Co.* v. *Dyett*, 4 Paige, 273.) These cases show that, to give an undertaking, which is all that the statute requires of the appellant, it needs not that the appellant himself shall sign the undertaking. It follows that the judgment of the court below should be affirmed.

Judgment affirmed.