[No. 11911. Department Two. — May 28, 1887.]

# FRESNO CANAL AND IRRIGATION COMPANY, RESPONDENT, *v.* H. C. WARNER, APPELLANT.

Corporation — Action by — Denial of Corporate Existence — Special Verdict. — In an action by a corporation in which an issue is raised as to the corporate existence of the plaintiff, the court may direct the jury to find specially upon such issue in addition to their general verdict.

Id. — Proof of Corporate Existence — Articles of Incorporation — Copy of Certified Copy. — In such an action, under section 297 of Civil Code, a copy of the certified copy of the articles of incorporation of the plaintiff, on file in the office of the secretary of state, is admissible in evidence in proof of its corporate existence.

Id. — Contract with Apparent Corporation — Estoppel. — One who has contracted with an apparent corporation as such is estopped, in an action on the contract, from denying the existence of the corporation.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wigginton, Creed & Hawes,* for Appellant.

*Nourse & Church,* for Respondent.

BELCHER, C. C. — This is an action to recover the sum of five hundred dollars alleged to be due the plaintiff for conducting water, sufficient for irrigation purposes, upon the lands of defendant, under a contract made between the parties. The complaint alleged that the plaintiff was a corporation, incorporated under the laws of this state, and engaged in the business of diverting water from Kings River, and supplying therewith, for irrigation and other useful purposes, the people of Fresno County. The answer denied that the plaintiff was a corporation, and also denied the making of the contract alleged, or any contract, for conducting water upon his land.

The case was tried by a jury, and the verdict and judgment were in favor of plaintiff. The defendant moved for a new trial, and now appeals from the judgment and order denying his motion.

It appears from the record that, at the commencement of the trial, counsel for plaintiff offered in evidence a copy, certified by the secretary of state, of the plaintiff's articles of incorporation. Counsel for defendant objected to the offered evidence, upon the ground that it purported to be a copy of a copy, and was irrelevant, immaterial, and incompetent. The court overruled the objection, and thereupon the paper was handed to the clerk of the court, and by him marked "Plaintiff's exhibit A." It was, however, never read to the jury, and the reading of it was neither waived nor admitted.

M. J. Church was then called as a witness, and testified that he was "the M. J. Church named in the articles of incorporation of plaintiff as one of the corporators of said plaintiff, and that he owned all but five shares of the capital stock of plaintiff, and that he had been its president ever since its organization, except about three years, and its superintendent ever since its organization." No other or further evidence as to whether plaintiff was a corporation or not was offered during the trial of the cause.

Upon the other questions involved, considerable evidence was introduced by both sides, and at its conclusion counsel argued the case to the jury. The court then gave its instructions, and counsel for plaintiff asked that the jury be permitted to take with them, upon retiring for deliberation, the certified copy of plaintiff's articles of incorporation. This was refused, and thereupon counsel asked that the jury be instructed, in addition to their general verdict, to answer the question: "Was and is the plaintiff a corporation, as alleged in the complaint?" This last request was granted, against the objection and exception of defendant. The jury then retired, and in due time returned with a general verdict in favor of plaintiff, and an answer to the question submitted as follows: "We, the jury, find that it was and is so a corporation."

The first point made for the appellant is, that the court erred in submitting to the jury the special issue as to whether the plaintiff was a corporation or not. A sufficient answer to this point is that the code fully authorized the ruling. Section 625 of the Code of Civil Procedure provides that the court "in all cases may instruct them [the jury], if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon." That this was done after argument, and after the giving of the instructions to the jury, is not material.

It is next claimed that the court erred in admitting in evidence the certified copy, from the office of the secretary of state, of the plaintiff's articles of incorporation, as it was only a copy of a copy. Here, too, the code furnishes full justification for the action of the court. Section 296 of the Civil Code provides that articles of incorporation must be filed in the office of the county clerk of the county in which the principal business of the company is to be transacted, and a copy thereof, certified by the county clerk, with the secretary of state. And section 297, then further provides: "A copy of any articles of incorporation filed in pursuance of this chapter, and certified by the secretary of state, must be received in all the courts and other places as *prima facie* evidence of the facts therein stated."

Lastly, it is insisted that the verdict was not justified by the evidence, and was against law.

The court charged the jury that under the laws of this state they could not consider any documentary evidence that might have been offered, unless the document had been read to them, or its reading waived; and the position of appellant is, that as the plaintiff's articles of incorporation were not read to the jury, nor the reading waived, there was no evidence before them showing the plaintiff's corporate character, and hence the verdict finding that the plaintiff was a corporation was contrary to the evidence, and also contrary to the instructions of the court.

Leaving out the articles of incorporation, we think there was some evidence before the jury tending to show that the plaintiff was a corporation. The testimony of Church was admitted without objection, and in that he speaks of the plaintiff as a corporation, and of himself as one of the corporators, and says he owned the larger part of its capital stock, and had been its president a part of the time and its superintendent all the time since its

organization.   How could this be true if the plaintiff never became a corporation, either *de jure* or *de facto?*

But however this may be, we think the verdict may be sustained upon another ground.   It is not denied that there was ample evidence before the jury to show that the contract was made and executed by the plaintiff, as alleged in the complaint.   This being so, the defendant, under the rule of law now generally accepted, cannot be heard to question the plaintiff's existence as a corporation.

In *Lehman* v. *Warner*, 61 Ala. 455, it is said, on page 466: " It is too well settled now to be controverted that a party who contracts with a corporation, whether it be by subscription for its stock, or by promissory note, bond, mortgage, or other form of contract, is estopped from denying the existence of the corporation," citing authorities. It is then added: " It has often been said that when a corporation sues, its corporate existence must be shown if it is controverted.   When the action is against one contracting with it in its corporate capacity, the contract furnishes the evidence."

In *Close* v. *Glenwood Cemetery*, 107 U. S. 477, it is said: " One who deals with a corporation as existing in fact is estopped to deny as against the corporation that it has been legally organized."

In *Oregonian R'y Co.* v. *Oregon R. & N. Co.*, 10 Saw. 470, it is said: " The law is well settled that the person who contracts with an apparent corporation as such is estopped, when sued on such contract, to say that the plaintiff had no corporate existence or power to make such contract.   A corporation, like an individual, when sued on a contract, may set up as a defense its want of power or capacity to make such contract; but the party with whom it contracts cannot set up such a want of power or capacity as a defense to an action by the corporation for a breach thereof."

The same doctrine is announced in Bigelow on Estop-

pel, 4th ed., p. 527, and many authorities are cited in support of it.

In support of their contention that the existence of the plaintiff as a corporation may be questioned in an action like this, counsel for appellant cite *Mokelumne H. M. Co.* v. *Woodbury*, 14 Cal. 426; S. C., 83 Am. Dec. 658; *Harris* v. *McGregor*, 29 Cal. 127; and *O. & V. R. R. Co.* v. *Plumas Co.*, 37 Cal. 360, 361.

But these cases are not in point. In neither of them was the action based upon a contract alleged to have been made between the corporation and the adverse party. The distinction seems to be this: In actions not founded upon contract made between the parties, the existence of the alleged corporation, if put in issue, must be proved; but when one has contracted with an alleged corporation, and is sued for failure to perform his contract, he cannot be heard to say that the corporation had no existence, and for that reason no contract was made.

In our opinion, the judgment and order should be affirmed.

Foote, C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.