[No. 3020.   Decided October 9, 1899.]

THE SPOKANE AND IDAHO LUMBER COMPANY, *Respondent,* v. GEORGE J. LOY, *Defendant,* MICHAEL BRODERICK *et al., Appellants.*

APPEAL—SUFFICIENCY OF BOND—EXECUTION IN APPELLANT'S BEHALF.

Under Bal. Code, § 6506, providing that the bond on appeal must be executed in behalf of the appellant by one or more sureties, it is not a defect for one of several appellants to omit joining in the execution of the bond, if the bond is sufficiently executed by sureties in his behalf.

SAME—QUALIFICATION OF SURETIES BEFORE CO-SURETY.

The fact that the affidavits of part of the sureties on an appeal bond were taken before another surety, who was a duly qualified notary public, would not affect the sufficiency of the affidavits nor invalidate the bond.

STATEMENT OF FACTS—SERVICE OF COPY—OMISSION OF FILE MARKS.

The copy of the statement of facts served on the adverse party, after the filing of the original with the clerk of the superior court, need not contain a copy of the file marks placed on the original by the clerk.

MECHANICS' LIENS — CONTRACT FOR PUBLIC WORKS — INDEMNITY AGAINST LIENS — RELATIVE EXECUTION OF BOND AND CONTRACT.

Where a bond is given by a contractor upon work, under Gen. Stat., § 2415, to secure laborers and material men for labor performed and material furnished therefor, it is immaterial whether the contract between him and the public corporation be executed before or after the execution of the bond.

PLEADING AND PROOF—RESTRICTION OF EVIDENCE TO BILL OF PARTICU-
LARS ALLEGED.

In an action upon an account, which is set forth by a bill of particulars in the complaint, the plaintiff is not restricted in his proof to the items set forth, where it is clear that the defendant is not misled or surprised thereby.

CORPORATIONS—EVIDENCE OF CORPORATE EXISTENCE.

Where the corporate existence of plaintiff is not specifically denied in the answer, the fact of incorporation as alleged in the complaint may be *prima facie* established by the introduction in evidence of a certificate of the county auditor showing such fact, under Bal. Code, § 4252, which provides that "a copy of any certificate of incorporation, . . . certified by the auditor of the county in which it is filed, . . . shall be received in all the courts and places as *prima facie* evidence of the facts therein stated."

TRIAL—DIRECTION OF VERDICT.

A court is not justified in taking a, case from the jury and directing judgment when there are doubtful questions of fact to be determined, but is authorized so to do only when the facts are so clearly established that the court can see, as matter of law, what the verdict and decision should be.

BONDS—PENALTY IN FIXED SUM—WHEN SURETY LIABLE IN EXCESS.

Although the liability of a surety may be restricted to a penalty in a fixed sum, yet judgment is warranted in excess of that sum, when it appears that the excess is occasioned by the addition of interest upon the amount for which the surety was in default.

APPEAL.

After a respondent has once interposed a motion to dismiss an appeal and affirm the judgment of the lower court, which motion has been duly considered and denied by the supreme court, he cannot later interpose a like motion in the same case as to a portion of the appellants, whose rights had been inadvertently overlooked in rendering judgment on appeal, but who are entitled to the benefits flowing from the appeal, equally with their co-appellants, whose rights had been specifically adjudicated.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.    Reversed.

*James Dawson,* for appellants.

*W. A. Lewis,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This action was brought by the respondent against the principal and his sureties in a statutory bond given by a contractor, who agreed to construct a public bridge in and for the city of Spokane, to recover a balance alleged to be due for lumber sold and delivered to such contractor.    From a joint judgment in favor of the plaintiff and against all the defendants, three of the surety defendants have appealed to this court.

The respondent moves the court to strike from the files the appeal and supersedeas bond and to affirm the judgment of the court below, for the alleged reasons (1) that said bond is signed and executed by but two of the three appellants; and (2) that the affidavit of the sureties attached thereto is insufficient, in that the affidavits of the sureties Julia G. Kimball and August Ilse were taken before the other surety, Hinkle.    The first ground of the motion seems to be predicated upon certain language found in the opinion of this court in the case of *Hopkins v. Satsop Railway Co.*, 18 Wash. 679 (52 Pac. 350), to the effect that an appeal bond executed by a part only of the appellants is radically defective.    But it will appear, from an examination of that opinion, not only that the facts in that case were materially different from the facts in the case at bar, but that both the provisions of the statute in relation to the execution of appeal bonds and the construction previously put upon it by this court were inadvertently overlooked.    Appellate procedure is a matter which is regulated entirely by statute, and, of course, all the statutory requirements must be substantially complied with in order to give the appellate court jurisdiction of any particular case.    Section 6505 of Ballinger's Code provides that

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time

when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 6506, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof.  .  .  ."

Section 6506 provides that the appeal bond must be executed in behalf of the appellant by one or more sureties.    It will be observed that the law does not require a bond on appeal to be executed by the appellant, but only in his behalf; and in the case of *Dahl v. Tibbals,* 5 Wash. 259 (31 Pac. 868), this court, in construing the statutes above referred to, held that an appeal bond is sufficient, though not signed by appellant, if properly executed by sureties on appellant's behalf.    And such has been the ruling of the courts elsewhere upon similar statutes.    *Lindsay v. Price,* 33 Tex. 280; *Drouilhat v. Rottner,* 13 Ore. 493 (11 Pac. 221); *Curtis v. Richards,* 9 Cal. 33; *Sacramento v. Dunlap,* 14 Cal. 421; *Johnson v. Johnson,* 31 Ohio St. 131.

The doctrine deducible from the authorities and sustained by reason is correctly and tersely announced in a recent work on pleading and practice, as follows:

" The obligation of the appellant to perform the judgment rendered on appeal results from the judgment itself, and an appeal bond is accordingly valid without his signature, unless the statute expressly requires 'execution by' the appellant."    1 Enc. Pl. & Pr. pp. 973, 974.

But even in those jurisdictions where the bond is required to be executed by the appellant, a bond signed by one appellant on behalf of all is sufficient.    See *Warner v. Whittaker,* 5 Mich. 241; *Florida, etc., Fence Co. v. Branham,* 27 Fla. 526 (8 South. 841); *Deslonde v. Carter,* 28 Ala. 541; *Ex Parte Brooks,* 7 Cow. 428.

The bond in question was executed by two of the appellants on behalf of all, and in that respect is different from

the bond considered in *Hopkins v. Satsop Ry. Co., supra.*
Concerning the facts in that case, the court observed that
"the notice of appeal was a joint notice signed by the attor-
neys for all of the parties named in the notice as appel-
lants; but the only appellant giving a bond was the Penin-
sular Railway Company, and the bond does not purport to
be for the benefit of any of the other appellants." It is
therefore quite apparent that the expressions in that case
relied on by the respondent are not applicable here, and
that under no reasonable construction of the statute could
the bond there considered have been deemed sufficient.

The objection to the bond on the ground of insufficient
execution is not well taken. It appears that one of the
sureties in the appeal bond was a notary public, and as
such took the affidavits of the other sureties required by the
statute, and it is insisted 'by the learned counsel for the
respondent that the bond is invalid upon that account.
But we think counsel's position is clearly untenable. The
statute (Bal. Code, § 248) provides that "every duly qual-
ified notary public is authorized in any county in this
state to take depositions and affidavits and administer all
oaths required by law to be administered;" and, in our
opinion, the notary who took the affidavits of two of his
co-sureties was not disqualified, under the statute, by any
interest he himself had in the bond. The substance of the
affidavit of the sureties in such bonds is prescribed by law,
and the act of the notary in administering the oath is
purely ministerial, and is not affected by his interest
therein. *Lynch v. Livingston,* 6. N. Y. 422; *Kuhland v.
Sedgwick,* 17 Cal. 123 ; *Reavis v. Cowell,* 56 Cal. 588.

Besides, in this case the sureties attended before the
court and justified at the instance of the respondent. The
motion to dismiss the appeal for the reasons specified must
be denied.

The respondent further moves to strike the statement
of facts, dismiss the appeal and affirm the judgment, on

the grounds (1) that the copy of the statement of facts served on the respondent has no copy of the file marks placed on the original filed by the clerk of the superior court; and (2) that the statement of facts, including the exhibits thereto attached, does not contain all the evidence introduced and all the material facts occurring on the trial of the cause in the court below. As to the first ground of this motion, little need be said. The law provides that the statement of facts must be filed with the clerk, and a copy thereof served upon the adverse party; and it is not claimed or pretended that this was not in fact done, the contention being merely that no copy of the file marks on the original statement of facts appeared upon the copy served on the respondent. We see no merit in counsel's contention in this regard, and therefore refrain from further discussing it. It is only necessary to observe in regard to the second ground of the motion that it does not appear to be true that any of the evidence introduced at the trial is absent from the record, or that the record is not certified as required by law. This motion is also denied.

It is alleged in the complaint in this action, among other things, that the plaintiff is now, and at all times hereinafter mentioned was, a corporation organized and existing under and by virtue of the laws of the state of Washington; that the defendant George J. Loy is a contractor, who on or about the 18th day of February, 1897, entered into a contract in writing with the city of Spokane, a municipal corporation, through its proper officers, by the terms of which the said George J. Loy agreed to furnish the materials for and to erect for the city of Spokane a certain bridge across the Spokane river, in the city and county of Spokane; that under and by virtue of said contract the said contractor, Loy, entered upon the performance of the same, and, as such contractor, did on or

about the first day of April, 1897, buy of the plaintiff, and plaintiff sold to said Loy, as such contractor, certain lumber to be used, and which actually was used, in the construction of said bridge; that the said contractor, Loy, agreed to pay plaintiff for the said lumber the sum of $1,200.33; that no part of the same has been paid, except the sum of $717.83, and the whole thereof became due and payable June 1, 1897; that there is now due, owing and unpaid thereon the sum of $482.50, and interest at the legal rate from June 1, 1897; that, in pursuance of the laws of the state of Washington in such cases made and provided, the board of public works of the city of Spokane took from the said contractor, Loy, a bond conditioned that "if the said George J. Loy shall pay all laborers, mechanics, material men and all persons whatsoever who shall supply him with provisions, materials or goods of any kind, and shall pay all just debts due such persons, or to any persons to whom any of said work is given, carrying on such work, then this obligation to be void and of no effect; otherwise to remain in full force and virtue."

The defendants, who are appellants here, after denying certain allegations of the complaint, among which were that the plaintiff was a corporation existing under and by virtue of the laws of this state, alleged affirmatively that the principal in the bond sued on, to-wit, George J. Loy, did on April 3, 1897, in writing, assign the contract mentioned in the complaint and all his rights and interest therein to one Boyd, without the consent of said defendants, and that they were thereby discharged and released from all obligations under the bond. The affirmative matter in the answer was controverted by the reply of the plaintiff. At the opening of the trial the appellants objected to the introduction of any evidence on the part of the plaintiff for the alleged reason that the complaint failed to state facts sufficient to constitute a cause of ac-

tion.    The court overruled the objection, and the appellants excepted, and now claim that the ruling of the court was erroneous.

It is urged by the appellants that the complaint is substantially defective for the reason that it appears on the face thereof that the contract under which the respondent alleged it furnished lumber to the contractor was made *after* the bond in suit was executed and delivered; or, in other words, that the bond was given to secure a different contract from that under which the lumber was sold and delivered to the contractor.    In presenting this argument the fact is entirely overlooked that the bond was not required or intended to secure the performance of the contractor's agreement with the city.    The purpose of bonds of the character of that now under consideration is to secure material men and laborers the amount due them for material furnished to, and labor performed for, persons who are under contract to do certain work for municipal or other public corporations (1 Hill's Code, § 2415); and it seems to us to be immaterial whether the contract with the city to construct the bridge was executed before or after the execution of the bond required by statute for the protection of material men and laborers.    It appears from the complaint that the bond under consideration was dated February 12, 1897, and was filed on March 10, 1897, in the proper office, and that the written contract for the construction of the bridge was executed on or about the 18th day of February, 1897.    It is not claimed that the bond was not conditioned as required by statute, or not filed in pursuance of law, nor that a valid contract was not entered into between the city of Spokane and the contractor, Loy.    It thus appears that the requirements of the statute were substantially complied with, and it follows that the court committed no error in admitting evidence under the complaint.

The respondent filed a bill of items of its account with the complaint, and the appellants complain of the action of the trial court in permitting evidence of sales of lumber prior to any of the times mentioned in the bill of particulars. It is quite generally, if not universally, held by the courts that the effect of a bill of particulars is to limit the claim and restrict the proof to the very matters therein specified. But, where it is clear that the opposite party has not been misled or surprised, he will not be permitted to take advantage of the bill of particulars to exclude the testimony offered. 3 Enc. Pl. & Pr. pp. 539-541.

Upon the trial the respondent introduced in evidence certain books kept by it,—especially its order book and sales book. These books contained the items of its account with Loy, and oral testimony was given for the purpose of showing the correctness of the same. We have examined all the items in the books of account and find that every item set forth in the bill of particulars appears also in the books, though in two or three instances the dates are not the same; the variance, however, being too slight to be considered material. But the book accounts also show sales of lumber by the respondent not set forth in its bill of particulars, and which are prior in time to any item therein specified. The admission of such testimony would ordinarily be deemed erroneous. The bill of particulars filed by the respondent sets forth the dimensions, quantity and value of each piece of lumber or timber mentioned therein, and the total value thereof, which is $1,200.33; and the secretary of the respondent company testified that the total value of all of the lumber delivered under his contract with Loy, or for the "Olive street bridge," was about, or "in the neighborhood of," $1,200. It would appear, therefore, from this testimony, that the respondent does not demand payment for any material not specified in its bill of particulars; and, if we are correct

in this conclusion, then it logically follows that the appellants could not have been prejudiced by the proof of lumber sold which was not specified in the bill of items.

After the plaintiff had introduced all its evidence and rested, the defendants, who are appellants here, moved for judgment in their favor on the ground that the plaintiff had failed to prove a sufficient cause for the jury. The court denied the motion, and the appellants contend that in so doing it erred, for the reasons (1) that the plaintiff had failed to prove its incorporation as alleged in the complaint; (2) that the contract between Loy and the city, proved by plaintiff as the contract under which Loy undertook to construct the bridge and under which it furnished the lumber, was not the contract referred to in the bond of these appellants; and (3) that the assignment of the contract by Loy without the consent of appellants released them from all liability under the bond for all material furnished to the assignee after said assignment, and particularly from liability to pay for material furnished the assignee under a contract made by plaintiff with the assignee after plaintiff was informed of the assignment. Upon the trial the respondent introduced a copy of its articles of incorporation, certified by the county auditor of Spokane county, but did not prove that a copy of its articles of incorporation had been filed with the secretary of state. It was also in evidence that the respondent was doing business in its corporate name, and that it had elected or appointed certain officers by whom its business was conducted. It is strenuously insisted on behalf of appellants that this evidence was insufficient to establish corporate existence, or the right to exercise corporate powers. Section 4251 of Ballinger's Code provides that any two or more persons who may desire to form a company for one or more of the purposes specified in § 4250 shall make and subscribe written articles of incorporation

in triplicate, and acknowledge the same before any officer authorized to take the acknowledgment of deeds, and file one of such articles in the office of the secretary of state and another in the office of the county auditor of the county in which the principal place of business of the company is intended to be located, and retain the other in the possession of the corporation.    This same section also provides what shall be stated in the articles of incorporation. Section 4252 provides that

"A copy of any certificate of incorporation filed in pursuance of this chapter, and certified by the auditor of the county in which it is filed, or his deputy, or by the secretary of state, shall be received in all the courts and places as *prima facie* evidence of the facts therein stated."

And it is provided in the next section that

" When the certificate shall have been filed, the persons who shall have signed and acknowledged the same, and their successors, shall be a body corporate and politic in fact and in name, by the name stated in their certificate, and by their corporate name have succession for the period limited, and shall have power to sue and be sued in any court having competent jurisdiction," etc.

In the case of *Knapp, Burrell & Co. v. Strand,* 4 Wash. 686 (30 Pac. 1063), this court had occasion to determine the meaning and effect of § 4252 of the statute, and we there held that a copy of the articles of incorporation certified by the secretary of state or county auditor constituted *prima facie* proof of the formation of a company; and we see no reason for overruling the decision therein announced.    In its opinion in that case the court said:

" But under the more modern system as adopted in this state, which is a common one at this time, while the proof of corporate existence and the right to transact business is required, if denied, the method of making *prima facie* proof is materially changed.    Gen. Stat. § 1499, provides that a copy of any certificate of incorporation of a domes-

tic corporation certified by the secretary of state (or county auditor) shall be received in the courts as *prima facie* evidence of the facts therein stated; that is, generally of the 'formation of a company.' "

Other courts have placed the same construction upon statutes substantially similar to ours.   See *Mokelumne Hill, etc., Co. v. Woodbury,* 14 Cal., 424 (73 Am. Dec. 658); *Fresno Canal, etc., Co. v. Warner,* 72 Cal. 379 (14 Pac. 37); *Humphreys v. Mooney,* 5 Colo. 282; *Georgeson v. Caffrey,* 71 Hun, 472; *Leonardsville Bank v. Willard,* 25 N. Y. 574; *Hyde v. Doe,* 4 Sawy. 133; *Harrod v. Hamer,* 32 Wis. 162.

See, also, Cook, Corporations, (4th ed.), § 753.

As to the second proposition, that the contract between Loy and the city, as proved, was not the contract referred to in the bond of appellants, it is only necessary to observe that this point has been virtually disposed of by what we have said in regard to the objection of appellants that the court erred in admitting evidence on the ground of insufficiency of the complaint.   All the statute requires, in cases like this, is that the municipality shall take a bond from the contractor, conditioned for the payment for material and labor furnished to and for such contractor.   This the city of Spokane did in this instance.   It does not appear that there was more than one contract with Loy, but it does appear from the evidence that certain material was furnished the contractor by the respondent; and, as we have before stated, the order in which the contract and bond were executed is not material.

It was shown upon the trial that the contractor, Loy, assigned his contract with the city, and all his right and interest therein, to one Boyd, and that the sureties in the bond, other than these appellants, consented to such assignment and specifically agreed in writing to continue bound thereby.   This raised a strong presumption, if it did not

prove absolutely, that the appellants did not consent to such assignment; and, if they did not, it is clear that they are not liable to the respondent for the value of any lumber furnished to the assignee, especially after the respondent became cognizant of the assignment.   It further appears in proof that the respondent furnished some lumber, the exact amount and value of which we have not been able to ascertain, to Boyd and his associates after the assignment, and after Loy had ceased to work upon the bridge or to direct the same.   There was also evidence tending to show that a considerable amount of lumber was furnished by respondent to Loy himself while in charge of the construction of the bridge, and it would therefore seem that there was before the court the question of the liability of these appellants, and the extent thereof, for determination.   Under this state of facts, we do not think the court erred in denying appellants' motion for judgment; and, if this conclusion is correct, it follows that the learned trial court erred in taking the case from the jury and directing judgment for the plaintiff for substantially the whole amount claimed in the complaint.   No doubt the court based its action upon § 4994 of Ballinger's Code, which reads as follows:

" In all cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be challenged, and the court shall decide as a matter of law what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case, and direct judgment to be entered in accordance with its decision."

We do not think it was the intention of the legislature in enacting this statute to empower the superior courts of the state to determine matters of fact such as are usually determined by a jury, but simply to authorize the taking of a case from the jury when the facts are so clearly estab-

lished that the court can see, as matter of law, what the verdict and decision should be. In other words, where the court would not have been warranted under the prior statute in granting a non-suit, it would not, we think, be justified, under this statute, in taking the case from the jury and directing a judgment to be entered. The state constitution declares that the right of trial by jury shall remain inviolate, and to take a case from the jury when there are doubtful questions of fact to be determined would be to deprive a non-assenting party of this constitutional right. In the case at bar it was the province of the jury to determine whether the appellants were liable to the respondent for any sum whatever, and, if liable, for what sum, and the court should not have assumed to determine these facts from the evidence presented.

It is further contended by the appellants that the court erred in entering a joint judgment against the principal and all the sureties on the bond, and it is especially insisted that the judgment is invalid as to appellant Broderick, for the reason that it is in excess of the penalty of his bond. The bond is in form joint and several, but it is not, in our judgment, in all respects such a one as is contemplated by the statute, by reason of the fact that each of the sureties bound himself in a separate and specific sum. But, however this may be, the appellants are not in a position to object that the bond is insufficient in respect to form.

The respondent asked for a judgment for $482.50 in its complaint. The court entered judgment for $482, being substantially the amount claimed, together with interest thereon from June 1, 1897, amounting in all to $505.60. It appears that appellant Broderick was bound in the penalty of $500 only, and hence the contention that the judgment was in excess of the penalty. We think this objection to the judgment is not well taken. It is true that the

surety on a, bond cannot generally be held liable for any sum greater than the penalty specified therein; but where, as in this' case, it appears that the surety is himself in default, we see no reason why he may not be held liable, in excess of the penalty, for interest upon the amount due, at the legal rate, as damages occasioned by his delay in the payment of his obligation. The surety's liability for interest, however, accrues only after demand on his principal and his refusal to pay, or from commencement of the suit, in which latter case interest accrues from the day of service. 1 Brandt, Suretyship and Guaranty, § 112.

It seems to us, therefore, that the appellants were not prejudiced by the form of the judgment, or by the court's allowance of interest upon the amount due. There are some other questions raised by the appellants, but they are not of sufficient importance to require discussion.

The judgment is reversed as to the appellants Broderick, Weeks and Dishman, and the cause remanded for further proceedings not inconsistent with this opinion.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.


SUPPLEMENTAL OPINION.    FILED APRIL 5, 1900.

PER CURIAM.—In the opinion heretofore delivered in this case, and which is published in 58 Pac. 672 (ante, p. 501), it is stated that, from a joint judgment in favor of the plaintiff and against all the defendants, three of the surety defendants have appealed to this court. And it will be observed that the judgment of the superior court was reversed as to the three appellants mentioned, but nothing was then said as to the status or rights of the other two sureties, Boyd and Bergman, who were defendants in the action in the court below, for the reason that they had neither filed a separate brief nor appeared by counsel in this court. Although it was stated (appar-

ently incidentally) in the brief of counsel for the respondent that the remaining defendants, Boyd and Bergman, joined in the appeal, no motion was interposed by them before, or at the time of, the hearing of the case here, either to dismiss the appeal or to affirm the judgment, especially, as to them.    And inasmuch as it did not appear either from the record brought up by the three appellants who appeared by counsel in this court, or from the supplemental record filed by the respondent, that these two defendants had either served an independent notice of appeal or joined in the appeal of their co-defendants, we naturally deemed them entitled only to such benefit from the appeal as the "necessity of the case" might afford them (Bal. Code, § 6504) ; and that was a question we did not then feel called upon to determine.    But the counsel for the respondent has now filed what he denominates a "short record," from which it unequivocally appears that the defendants, Boyd and Bergman, did in fact join in the appeal of the three defendants who first appealed; and their appeal was taken "from the judgment and the whole thereof."    The respondent now moves, upon the short record above mentioned, to dismiss the appeal of Boyd and Bergman, and also for judgment against them and their sureties upon their appeal bond.

These motions must be denied for the reason that a motion to dismiss the appeal and affirm the judgment, and which went to the whole case, was in apt time interposed by the respondent and set forth in its brief, and was, after due consideration, denied; and a new and separate motion to dismiss and affirm cannot properly be considered at this stage of the proceedings.    When the two defendants in question joined in the appeal first taken, and filed the statutory appeal bond, they at once became, to all intents and purposes, appellants in the cause, and, as such, they are, in our opinion, under the present cir-

cumstances of the case, entitled to the usual benefits flowing from an appeal. It was not necessary for them to file a separate transcript or statement of facts, and it appears that their counsel deemed the brief of the other appellants sufficient for all the purposes of the appeal, and, therefore, considered it unnecessary to file a separate one. But, while it is true that a separate and independent brief on their behalf was not necessary, they nevertheless should have directed the attention of this court to the fact that they submitted their own case upon the brief of the other appellants. However, notwithstanding this failure to pursue strictly the proper method of procedure in this instance, we think, as we have already indicated, that, upon the facts now appearing of record, these two appellants are justly entitled to all the benefits accruing to their co-appellants from the reversal of the judgment. The judgment will, therefore, be considered as reversed on appeal as to them, also, and they will recover from the respondent their costs in this proceeding.