## C. W. CRESSLER V. DAVID REES.

[FILED OCTOBER 4, 1889.]

1. **False Representations:** REPLEVIN: EVIDENCE. In an action of replevin for the possession of personal property which it is alleged had been transferred to the defendant in the action in exchange for real estate in another state, and with which the defendant was acquainted and plaintiff not, plaintiff's want of acquaintance being known to the defendant, it was *held*, no error for the court to permit the plaintiff in the action to testify that the defendant represented the property to be worth the sum of $3,000 by reason of its quality and location, when at the same time the defendant knew it was not worth over half that sum.

2. **Evidence.** In such case it was not error for the court to permit the plaintiff in the action to testify that he relied upon the statements made as to the quality and value of the real estate, and that it was upon such reliance that the trade was made.

3. ———. While the plaintiff in the action was upon the witness stand, and during his cross-examination, he was asked whether for several years prior to the time of this trade he had been engaged in the business of buying and selling real estate in Iowa and Nebraska, and that he knew the character and value of such property. An objection to this question was sustained. *Held*, No error, it being conceded that the witness knew nothing of the real estate in question or of the values of real estate in the immediate neighborhood thereof.

4. **Instructions** given and refused, examined and no error found.

5. **Evidence** examined, and *held*, to sustain the verdict.

ERROR to the district court for Madison county. Tried below before POWERS, J.

*H. C. Brome* (*Burt Mapes* with him), for plaintiff in error:

A misrepresentation as to the market value of property is not actionable. (*Chrysler v. Canaday*, 90 N. Y., 272; *Hartman v. Flaharty*, 80 Ind., 472; *King v. Mills*, 10 Allen [Mass.], 548.) Under the circumstances, it was

proper on cross-examination to show plaintiff's experience in the real estate business and his knowledge of the value of lands. (1 Wharton on Evidence 530; *Wilson v. Wagar*, 26 Mich., 452.) Restoration of the seller to his former position is necessary to rescission.

*Wigton & Whitham*, for defendant in error:

False representations of value, greatly exaggerated, are sufficient to rescind. (*Morgan v. Dinges*, 23 Neb., 271; *Bank v. Yocum*, 11 Id., 328; *Phillips v. Jones*, 12 Id., 213; *Mohler v. Carder*, 35 N. W. Rep., 647; 2 Pomeroy Eq. Jur., 878.) The effect of these representations was material and properly given in evidence. (*Faulkner v. Klamp*, 16 Neb., 177; *Berringer v. Beecher*, 25 N. W. Rep., 491.) Failing to obtain a marketable title, defendant in error may have the contract rescinded. (*Scadin v. Sherwood*, 34 N. W. Rep., 555; *Judson v. Wass*, 11 Johns. [N. Y.], 525; *Clute v. Robison*, 2 Id., 595.) As to third instruction see *Faulkner v. Klamp*, *supra*; *Fallon v. Ellison*, 3 Neb., 74; *Bank v. Yocum*, 11 Id., 328.

REESE, CH. J.

This was an action in replevin, instituted in the district court of Madison county, for the possession of a stock of furniture kept in a store in the city of Norfolk. A jury trial was had, which resulted in a verdict in favor of defendant in error and upon which a judgment was rendered; for the reversal of which plaintiff brings the case to this court by proceedings in error.

It appears that defendant in error was the owner of the stock of goods referred to and doing business in the city of Norfolk, and that he made a trade with plaintiff in error by which the stock of furniture was traded for real estate in Davis county, Iowa, and on which plaintiff in error had paid defendant in error the sum of about $140.

Subsequent to this trade defendant in error seems to have become satisfied that plaintiff in error had practiced a fraud upon him in his representations as to the quality of the land in Davis county. He therefore tendered back the money and claimed to rescind the contract, and brought this action for the possession of the stock of furniture.

The errors alleged will be noticed in the order in which they are presented. *First*, it is insisted that the court erred in admitting evidence as to Cressler's representation as to the value of the Davis county farm. It is shown by the evidence that plaintiff in error had been upon the land, had seen it and knew what it was, and what its value was. And it is testified by defendant in error that plaintiff in error represented to him, or told him, that it was worth $3,000. It is claimed by plaintiff in error in his evidence that he made no representations as to the value of the property whatever. It also appears that defendant in error had not seen the farm and knew nothing as to its quality. This part of the conversation though, as testified to by defendant in error, is not to our mind a very essential element in the case, but there were other representations testified to by him which, if believed by the jury, would be sufficient to avoid the contract.

In *Morgan v Dinges*, 23 Neb., 273, it is said by Judge MAXWELL, in writing the opinion: " Where parties stand on an equal footing, expressions of opinion as to the value of certain property will not usually be considered so material that misstatements will constitute fraud. But where the purchaser resides near the property in this state and has full knowledge of its situation and approximate value, and the owner resides in another state without any knowledge on that subject, expressions of opinion as to value by such purchaser which he knows to be much beneath the true value of the property, and statements made by him that the owner's title had been abrogated by reason of a sale of the

property for taxes, will be sufficient, where the property was purchased for a grossly inadequate consideration, to set aside the deed."

It would seem, therefore, to follow logically that, if plaintiff in error knew of the quality of the land and also knew that the defendant in error knew nothing of it, which is shown by the evidence, a representation by him that the property was worth very much more than he knew it to be at the time the representations were made is equally fraudulent.    The court did err in this ruling.

Upon the trial defendant in error testified in substance that plaintiff in error represented to him that the farm referred to "was a good farm of ninety-four acres, sixty acres of it under cultivation, all of it under fence; the rest of it was timber and pasture land; a good house, insured for $600, and about a mile from the nice little town of Floris, which had six hundred inhabitants, and that the farm was worth $3,000." He also testified that he relied upon the representations made, and would not have made the exchange had it not been for them.

The depositions of other witnesses who resided near the property were read upon the trial, showing that such representations, if made, were untrue. It is now insisted that the court erred in permitting defendant in error to testify that the representations made by Cressler induced him to make the trade; that this was testifying to a conclusion which it was the province of the jury to determine, the witness stating the facts. We cannot agree to this conclusion; it was entirely competent for the witness to state whether he believed the representation, alleged to have been made, and whether or not they were the moving cause of the transfer.

During the cross-examination of defendant in error he was asked whether or not he had been in the habit of trading and dealing in real estate in Iowa and in this state. To this question objection was made, which was sustained.

The ruling of the court upon this subject is now assigned for error.   It seems to be conceded that the defendant in error knew nothing of the real estate in question.   Neither did he know anything of the values of real estate in the neighborhood where the farm was located.   The fact then, if true, could have had no bearing upon the case at bar. The decision of the court in excluding the offered evidence was correct, but had it been otherwise there could have been no prejudice to plaintiff in error.

In connection with the alleged misrepresentation of the quality of the land, it was insisted upon the trial that there was a misrepresentation as to the title, two of the grantors in the chain of title having been infants at the time of the execution of the deed by them, and not having yet attained their majority.   Upon the request of defendant in error the court gave to the jury the following instruction, numbered 3: "If you find from the testimony that, in order to induce the plaintiff to make the sale of the stock of goods replevied in this action with other property for defendant's real estate in Iowa, defendant made to plaintiff misrepresentations by either word, act, or suppression of material facts, known to defendant, of matters affecting the condition, quality, character, value, or title of the defendant's real estate in Davis county, Iowa, in any material respect for which plaintiff would have suffered loss had such sale been completed and not rescinded, and that plaintiff relied on such statements and representations as true, and that by reason of said misrepresentations plaintiff was induced to make such sale, and that plaintiff, soon after the discovery of such misrepresentations, rescinded the sale and tendered to defendant the money paid by defendant on such sale, then your verdict will be for plaintiff."

The giving of this instruction was excepted to by plaintiff and is now assigned for error.   Plaintiff in error had furnished to defendant in error an abstract of the title, showing the different conveyances from the government of

the United States down to plaintiff in error. But the abstract did not show nor was the defendant in error informed of any disability existing at the time of the conveyance by any of the grantors, the fact of the disability being shown by the deposition of the parties themselves. Taking this instruction as a whole and in connection with his other instructions, which were given by the court upon its own motion, we think there was no error in giving it.

It is next contended that the verdict of the jury was not sustained by sufficient evidence. The evidence upon that part of the case which refers to the representations made by plaintiff in error to defendant in error prior to the trade was conflicting; defendant testifying to the representations in detail, while plaintiff in error testified that he made no such representations at all. In addition to the representations hereinbefore given from the testimony of defendant in error, he testified that plaintiff in error stated to him that the farm was to a great extent bottom land, and that it never overflowed; while it was shown by other witnesses on the part of defendant in error that the bottom land did overflow quite frequently, so much so as to render it of but little value for farming. It was also shown by the depositions of witnesses, taken in Davis county, Iowa, that the land was of much less value than that represented by plaintiff in error; according to the testimony of defendant in error, many of them putting it at less than one-third. This question of fact was solely for the jury, and if they believed the testimony of defendant in error, and disbelieved that of plaintiff in error, their verdict could not have been otherwise than what it was.

At the time of the seizure of the property by the sheriff, under his writ of replevin in this case, a considerable portion of the property was not found by him, and was therefore not returned to defendant in error. The value of this property was found by the jury to be $797, which was in accordance with the evidence in the case.

Cressler v. Rees.

The ninth instruction given to the jury by the court on its own motion was as follows:

"If you find from the evidence that the plaintiff at the commencement of the action was the owner of the property in controversy and entitled to the possession of the same, you will award him such damages as the testimony has shown him entitled to, if any, for the wrongful detention of such properly, together with the value of such portions of the property as shown by the testimony, if any, you find was retained by defendant and not delivered to the plaintiff under the writ of replevin in this case."

The giving of this instruction is now assigned for error. The objection is based upon the contention that defendant in error was not entitled to recover at all, and upon the further contention that defendant in error already had $464 of plaintiff's money, which should have been credited upon the amount found due by the jury.

Upon this part of the case the evidence shows beyond question the tender of this money by defendant in error to plaintiff in error, prior to the commencement of the action. But it is not shown that the tender was kept good or that the money was paid into court for him. Had it been shown that the tender was kept good and that the money was at all times subject to his command, no objection could have been made to the judgment, and this contention of plaintiff in error would not avail.

Defendant in error while upon the witness stand was asked what he did with the money which he tendered to plaintiff in error; his answer was that he put it in his pocket, and for aught that appears from the records it is there yet, and hence not subject to the control of plaintiff in error.

The judgment of the district court will therefore be reversed, unless defendant in error within forty days from the filing of this opinion remit from the judgment $464.

If such remittitur is filed the judgment of the district court will be affirmed.

JUDGMENT ACCORDINGLY.

THE other Judges concur.