PINCH v. HOTALING.

1. WITNESSES—CROSS-EXAMINATION—EXPLANATION OF TESTIMONY.
   Where, in an action for deceit in an exchange of properties, plaintiff claims that defendants fraudulently represented that the property given by them in exchange, which was a hotel, was rented, and in support of his claim calls an alleged lessee, who testifies that the lease signed by him was a mere pretense and not intended to be binding, it is proper for defendants to ask the witness on cross-examination, and as bearing on the purpose of making the lease, if officers were not looking up evidence to prosecute for a violation of the liquor law and the statute against gambling.

2. FRAUD—ACTIONS—EVIDENCE.
   Where, in an action for deceit in an exchange of properties, plaintiff is permitted to testify fully as to the representations made by defendants and to his reliance thereon, it is not error to refuse to permit him to state why he made the exchange.

3. SAME—STATEMENTS OF CONSPIRATORS.
   In an action for deceit in an exchange of properties, a question asking plaintiff whether he relied upon the statement of a certain person as to the rental value of the property should be permitted, where there is evidence sufficient to jusify submission to the jury of the question whether the person making the representations was not in conspiracy with defendants; but the error of excluding the question is harmless where plaintiff testifies that he relied upon defendant's

representations, made through fictitious leases, as to the
rental value of the property given by defendants, which repre-
sentations corresponded with the rental stated by the alleged
conspirator.

4. SAME—MISREPRESENTATIONS—STATEMENTS AS TO VALUE.
   False statements of value intentionally made to one who is in
   ignorance of the quality and value of the property concern-
   ing which the statements are made, under circumstances in-
   dicating a purpose that such statements are to be relied upon,
   and, where the party to whom they are made has no opportu-
   nity to examine the property himself, may be treated as an
   affirmation of fact and fraudulent.

5. SAME—SUFFICIENCY OF PROOF—SUBSTANCE OF ISSUE.
   All the false represenations, imputed to the defendant in
   an action for deceit, need not be established.

Error to Barry; Smith, J. Submitted November 16,
1905. (Docket No. 140.) Decided December 30, 1905.

Assumpsit by Benjamin W. Pinch against George W.
Hotaling and Thomas H. Fitzgerald to recover money ob-
tained by fraud and deceit. There was judgment for
plaintiff for less than the amount claimed, and he brings
error. Affirmed.

*J. M. Powers* and *Thomas Sullivan*, for appellant.

*George A. Lambert* and *Colgrove & Potter*, for ap-
pellees.

MONTGOMERY, J. In 1903 the defendants were the
owners of a hotel in Niles, called the " Michigan Inn,"
subject to a mortgage of $10,000. The plaintiff was the
owner of 375 acres of land in Barry county, and 80 acres
in Carp Lake township, in Emmet county. An exchange
of plaintiff's property for that of defendant was effected.
Plaintiff brought this action, basing it in the main upon
section 10421, 3 Comp. Laws, authorizing an action of
assumpsit for fraud and deceit. The defendant replied,
charging plaintiff with fraud and deceit in making repre-
sentations relating to the Carp Lake land. On a trial be-

fore a jury, in which both claims were submitted, the plaintiff recovered a verdict and judgment of $75. The plaintiff brings the case here for review on error, assigning error on certain rulings relating to the introduction of testimony, to refusals of certain requests, and to the charge of the court as given.

It was the claim of plaintiff that the defendants had represented to plaintiff that the hotel was rented, the main part to one Fahnestock and the clubroom (so called) to one Bair. Bair was called as a witness to testify that the lease signed by him was a mere pretense, and not intended to be binding upon him. On cross-examination he was asked if at that time it was not understood that the officers were looking up evidence to prosecute for violation of the liquor law and the statute against gambling. An affirmative answer to this question was received against the plaintiff's objection. This was proper cross-examination. It bore upon the purpose of making this lease.

Plaintiff was asked to state the reason why he made the exchange. He was not permitted to answer this question in this form, but was permitted to testify fully as to the representations made by the defendants, and to the fact that he relied upon them. This was all that he was entitled to.

One E. D. Miller appears to have been interested in the trade between the parties. His ostensible interest arose out of his desire to become a tenant of Pinch in case the deal was consummated. He was a hotel man.

The plaintiff's theory on the trial was that Miller was in conspiracy with defendants. The defendants' theory was that Miller was employed by plaintiff. Plaintiff was asked whether he relied upon Miller's statement as to the rental value of the property. The testimony was excluded. There was perhaps enough to justify the submission of plaintiff's theory as to Miller's connection with the deal to the jury, and, this being so, we are of the opinion that an answer to this question should have been permitted, but we are also of the opinion that its exclusion was

harmless error.   The plaintiff had already testified that
he relied upon the defendants' representations made
through these fictitious leases.   The rental fixed by these
leases corresponded precisely with Miller's estimate, so
that if the plaintiff's testimony was credited at all, as it
apparently was on this point, the jury must have found
without the necessity of repeating the testimony that
plaintiff was deceived as to the rental value to the extent
that it was untrue.   The other rulings need not be sepa-
rately considered.

The questions of most importance presented are those
which relate to the defense of recoupment allowed on ac-
count of the representations relating to the Carp Lake
land.   The defendant introduced (subject to objection
and exception by plaintiff) testimony that during the
negotiations plaintiff represented to the defendant that the
Carp Lake land was worth $1,500 to $2,000, that defend-
ants relied upon this representation, and that in fact it
was worth not to exceed $250.

Plaintiff requested the court to instruct the jury that—

" Where parties are negotiating for an exchange, mere
expressions of opinion or statements as to the value of
their respective properties cannot be considered as a guar-
anty for such value, and a statement made by Mr. Pinch,
if he did make such a statement, that the Emmet county
land was worth $1,500 or $2,000, would be a mere expres-
sion of opinion, and would not be such a false and fraudu-
lent representation as would entitle the defendants to re-
cover."

The court refused this instruction, and charged the jury
as follows:

"As to the Carp Lake land, you may consider the evi-
dence as to its condition and value, and determine whether
any false representations were made regarding it or not
which defendants believed and upon which they relied be-
cause that farm was not seen, and the defendants had the
right to rely upon what was said."

This was amplified by stating:

" This land was situated a considerable distance from

the residence of these parties, and it is claimed by the defendants that they relied upon his representations as to the value of this 80 acres of land.  I instruct you if you shall find that Mr. Pinch fraudulently represented to the defendants the value of the 80 acres of land in Emmet county, and the defendants relied upon his representations as to the value of this 80 acres of land, and believing the representations made by him to be true, and have been defrauded, then it is for you to say by your verdict the amount of damages sustained by the defendants in this case by reason of such false and fraudulent representations alleged to have been made to them by the plaintiff."

It will be seen that the trial judge made the question turn upon the plaintiff's fraud.

The contention made is that the statement of value was a mere matter of opinion, and cannot be made the basis of an action for fraud.  This is a statement of the general rule, but the rule established by the weight of authority is that false statements of value intentionally made to one who is in ignorance of the quality and value, under circumstances indicating a purpose that such statements are to be relied upon, and where the party to whom they are made has no opportunity to examine the property, may be treated as an affirmation of fact and fraudulent.  See 14 Am. & Eng. Enc. Law (2d Ed.), p. 125; *Simar* v. *Canaday,* 53 N. Y. 298; *Cressler* v. *Rees,* 27 Neb. 515; *Hedin* v. *Surgical Institute,* 35 L. R. A. 427, note (62 Minn. 146); *Collins* v. *Jackson,* 54 Mich. 186; *Maxted* v. *Fowler,* 94 Mich. 109; 16 Cyc. p. 749.  While it might have been better to put before the jury a little more clearly the circumstances under which an expression of opinion would be actionable, it was stated that the representation must have been fraudulently made, and the jury doubtless understood from this that it must have been made by plaintiff knowing it to be false, and intending defendants to rely upon it.  It was beyond dispute that the land was at a distance, and that defendants were not understood by plaintiff to have any knowledge of its value from other sources.  The jury could not have been misled.

It is further pointed out that the defendants' plea set up that plaintiff represented that the Carp Lake land had growing upon it 1,000,000 feet of merchantable saw timber, as well as that it was represented to be worth $1,500, and that plaintiff also agreed to deliver to defendants certain personal property which was not delivered, and concludes with a claim for damages resulting therefrom. And it is contended that, as the defendants proved only the false representation as to value, their recoupment must fail; citing *Wormsdorf* v. *Railway Co.*, 75 Mich. 472. That case has been frequently misunderstood. It has been pointed out that in that case the acts which it was held essential to prove were dependent. *Thayer* v. *Railroad Co.*, 93 Mich. 150. The case is not authority that all negligent acts charged in a declaration must be proved. Much less is it an authority for the proposition that all false representations imputed to a defendant must in an action for deceit be established. The other questions presented have been considered.

We discover no prejudicial error, and the judgment is affirmed.

MOORE, C. J., and McALVAY, GRANT, and OSTRANDER, JJ., concurred.