[No. 7235.  Decided September 19, 1908.]

FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Respondent*,
v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY,
*Appellant*.[1]

JUDGMENTS—CONCLUSIVENESS—VACATION.  Judgments which had
been vacated by a mutual agreement of the parties are not *res judi-
cata* of the questions determined.

JUDGMENTS—RECITALS — EVIDENCE — COMPETENCY.  Judgments in
favor of a corporation containing recitals of want of authority of
certain officers, who were not authorized to represent it, are not com-
petent evidence of such fact, after the judgments have been vacated.

APPEAL—BOND—EXECUTION.  A bond on appeal given on behalf
of the appellant is sufficient if executed by the surety alone.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered October 11, 1907, upon findings
in favor of the plaintiff, after a trial before the court without
a jury, in an action upon contract.  Affirmed.

*Sachs & Hale*, for appellant.

*William W. Wilshire*, for respondent.

FULLERTON, J.—The respondent brought this action
against the appellant to recover certain premiums or fees
claimed to be due for becoming the appellant's surety upon
three indemnity bonds which the appellant gave in actions
pending against it.  Two of such bonds were given in a case
pending in the superior court of King county wherein one
Egan was plaintiff and the appellant and others were de-
fendants, the one for the sum of $70,400 to supersede an
order appointing a temporary receiver for the appellant, and
the other for $500, being the appeal bond on the appeal from
the order appointing the receiver.  The third bond was an
appeal bond in the sum of $500, given on an appeal from a
decree and judgment, entered in the United States Circuit

[1]Reported in 97 Pac. 453.

Court for the Western District of Washington, to the United States Circuit Court of Appeals for the Ninth Circuit, in an action in which one Crawford was plaintiff and the appellant was defendant.

The bonds in question were applied for and obtained on behalf of the corporation by certain persons who had possession of the corporate offices and corporate records, and who were acting as officers of the corporation, but who had been adjudged in the actions in which the appeals were taken to be in possession of the officers wrongfully for want of a due and proper election. The actions were not tried out in the appellate courts, but were settled and dismissed and the judgments vacated by the mutual agreement of the parties before they were ready to be heard by the appellate tribunals. In the course of the present trial, the respondent introduced the judgments in evidence, and when it rested its case, the appellant moved for a nonsuit, which being overruled, it rested its case on the respondent's evidence. On judgment going against it, it appealed.

The appellant relies upon these judgments as a defense to the present action. It contends that the recitals in these judgments must be taken as true in the present action, and since it was found that the persons who acted for the corporation in procuring the issuance of these bonds were not legally corporate officers, it follows that they had no authority to make contracts on behalf of the corporation; and that the respondent is bound, thereby, since it had notice of the recitals in the judgments and cannot claim to have dealt with these persons as either *de facto* or *de jure* officers. But we are unable to understand how these judgments can have the effect the appellant would accord them. Since they have been vacated and set aside by the mutual agreement of the parties, they can no longer be held to be *res judicata* of the questions determined, even as between the parties themselves; much less can they be *res judicata* as to the respondent, who is a stranger to them. Nor are these vacated judgments

competent evidence in this case of the fact that these persons had no authority to represent the corporation in the transaction between the corporation and the respondent. They were competent to prove the fact for which the respondent introduced them; namely, to show that such judgments had been rendered, but they do not prove that the persons who were then representing the corporation as its officers were not its legal officers. As to this fact these recitals are but hearsay, and the original evidence should have been resorted to had the appellant desired to establish the fact.

The appellant contends, also, that the appellant did not furnish a competent bond in the state court—that is to say, a bond sufficient to perfect the appeal. The objection to the bond is that it was not signed by the principal on whose behalf it was given. But this is not necessary to a competent bond in this state. Under the statute as it now exists, an appeal bond is sufficient if given on behalf of the appellant when signed by the surety alone. *Bloomingdale v. Weil*, 29 Wash. 611, 70 Pac. 94. See, also, *Dahl v. Tibbals*, 5 Wash. 259, 31 Pac. 868; *Cook v. Tibbals*, 12 Wash. 207, 40 Pac. 935; *Hill Estate Co. v. Whittlesey*, 21 Wash. 142, 57 Pac. 345; *Spokane & Idaho Lumber Co. v. Loy*, 21 Wash. 501, 58 Pac. 672, 60 Pac. 1119.

The judgment is affirmed.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.

RUDKIN and ROOT, JJ., took no part.