[No. 10273.  Department One.  July 29, 1912.]

A. M. YOST, *Respondent*, v. EMPIRE STATE SURETY COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—BOND OF CONTRACTORS—DEFENSES. In an action on an indemnity bond, it is not a fatal variance that the contract provided that the work should be done under one ordinance, which ordered the improvement and the bond refers to the fulfillment of the contract under another ordinance, which provided for the plan of a special assessment, the engagement of the bond to underwrite the contract being sufficiently set out.

INSURANCE—AGENTS—SCOPE OF AUTHORITY. An adjuster of a bonding company may be assumed to have authority to bind the company by its promise to pay a claim, where he was held out by the company as its adjuster having general authority over several states, and no notice was given that he had no authority to settle claims in excess of $250.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered September 28, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an indemnity bond. Affirmed.

*John P. Hartman*, for appellant.

*George W. Louttit*, for respondent.

CHADWICK, J.—Appellant became surety for certain contractors who had undertaken to put in a sea gate at Edmonds. The contractors defaulted and the work was completed by others. The concrete question before us is the lia-

[1]Reported in 125 Pac. 167.

bility of appellant, the surety company. It is first contended that the contract provides that the work shall be done under Ordinance No. 180, whereas the bond refers to the fulfillment of Ordinance No. 177. It is said that this is a fatal variance because of which respondents, who performed labor and supplied materials for the work, cannot recover. Ordinance No. 180 ordered the improvement and provided that the expense should be met under a plan of special assessments, as provided by Ordinance No. 177 and the laws of the state of Washington.

Admitting that appellant was not informed as to the manner adopted for assessing the cost of the work, and this is all that was denied it by omitting reference to Ordinance No. 177, we think it would be highly technical to hold that there was a variance out of which any prejudice resulted to appellant. Its engagement was to underwrite the contract. It stipulated that the contractors would meet their engagements, and it cannot complain if the parties and the subject-matter of its engagement are sufficiently set out in the bond. We find the fact to be so.

It is next contended and admitted that the right of recovery, the claimants not having filed any liens, depends upon two conditions; (1) was one Mitchell an agent of the appellant with sufficient authority to bind appellant by his promise; and (2) did he make such promise. It is altogether likely that, as between appellant and Mitchell, his liberty to contract on behalf of the company was limited. It is said that Mr. Mitchell was only an adjuster of claims, and had no authority to settle or promise the payment of claims in excess of $250. We find nothing in the record that would bring this fact home to the claimants, or even put them on notice of the fact. They or their agent, acting upon the unchallenged assumption that Mr. Mitchell in all of his negotiations had full power to meet their demands, treated with appellant. He had a general authority over the states of Washington, Oregon, and a part of California. His office

and stationery were supplied by the defendant. On the letter heads furnished by the company his name appeared as adjuster, without notice of limited authority, and his name so appeared upon the door of his office. After this controversy arose, he entered into a minute examination of the several claims, and promised to pay them. He sought only to reject or throw out those which the company would not be legally bound to pay. Unless the transaction be of such character as to put a party dealing with a corporation upon notice, or the duty be one that the law imposes upon those higher in authority, a party dealing with its representative is warranted in assuming that he has power to terminate the relation which he assumes to negotiate. The rule and its reason are both set forth so clearly in *Brace v. Northern Pac. R. Co.*, *63* Wash. 417, 115 Pac. 841, that no further discussion is necessary. ·

We think the testimony is ample to sustain the verdict and the judgment of the court that Mr. Mitchell bound appellant to meet the demands of the plaintiff. There is some testimony to show an express promise, but the evidence to sustain an implied promise is so convincing that we think it would be unjust in the extreme if we should hold that those who, because of negotiations invited by appellant's agents, had let the time for protecting themselves under the statute go by, could not recover.

Judgment affirmed.

MOUNT, GOSE, PARKER, and CROW, JJ., concur.