[No. 11220. Department One. July 10, 1913.]

ARIAN T. THOMAS, *Respondent*, v. G. W. LEE *et al.*, *Appellants.*[1]

APPEAL—BOND—FORM. A supersedeas bond on appeal conditioned to pay the judgment, fairly indicating that it is given on behalf of the appellants, is sufficient, on objection first made in the supreme court, although the wife of one of the principals did not join as a principal in the bond.

MONEY LENT—EVIDENCE—SUFFICIENCY. In an action for money lent to one acting for himself and as agent for another with whom he was alleged to be in business, findings for the plaintiff are sustained as to only the active party, where there was no proof of partnership ·or agency or that the alleged principal ever obtained or used the money.

COSTS — ON APPEAL — APPORTIONMENT. Where a judgment for plaintiff is affirmed as to one of the defendants and reversed as to the other defendant and wife, all the defendants appearing by the same counsel, the costs on appeal are properly apportioned by allowing the plaintiff one-half of his costs against the defendant held liable, and allowing the other defendant and wife one-half of their costs against the plaintiff.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered December 5, 1912, upon

[1]Reported in 133 Pac. 446; 134 Pac. 510.

findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for money lent. Affirmed in part and reversed in part.

*Gates & Emery*, for appellants.

*Beechler & Batchelor*, for respondent.

CHADWICK, J.—The notice of appeal in this case was given by each of the defendants, but the bond was signed by D. H. Lee and G. W. Lee only, as principals. The bond is in the form of a supersedeas, and is conditioned "That, whereas, the above named A. T. Thomas . . . recovered judgment against the above named defendants, . . . Now therefore, if the above named principals, D. H. Lee and G. W. Lee, shall pay to A. T. Thomas . . . all costs and damages . . . not exceeding the sum of $200, and shall satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, . . . then this shall be void . . ." etc.

No objection was taken to the form of the bond or to the sufficiency of the surety, in the court below, but a motion to dismiss the appeal is made upon the ground that Anna Lee, the wife of G. W. Lee, did not join as a principal in the bond. The bond is conditioned to pay the judgment; the objection, therefore, goes to the form rather than to the substance of the undertaking. We think the bond fairly indicates that it is given on behalf of all the appellants, and is within the spirit, if not the letter, of the case of *Fidelity & Deposit Co. v. Seattle, Renton & Southern R. Co.*, 50 Wash. 391, 97 Pac. 453. The only interest respondent can have in the bond is whether a recovery can be had upon it. No objection could be made by the surety, under the principle announced in *Yost v. Empire State Surety Co.*, 69 Wash. 397, 125 Pac. 167. The motion to dismiss the appeal is denied.

Respondent brought this action to recover the sum of $520, alleged to have been loaned by him to the defendants for their

use and benefit. The amounts were paid by check, and it is alleged that "D. H. Lee and G. W. Lee were and now are in business together, the said D. H. Lee acting for himself and as agent for said G. W. Lee, and that said money so loaned to them by the plaintiff was loaned and used for the use and benefit of each." A bill of particulars itemizes the amounts loaned as follows: September 16, 1911, cash advanced to pay taxes, $500. September 26, 1911, by check $20.

A general power of attorney, dated October 24, 1911, given by G. W. Lee and Anna Lee to D. H. Lee, was offered by respondent to sustain his theory of agency. We find no other testimony tending to prove agency, and the slightness of this evidence is apparent when it is noted that the power of attorney is dated more than a month after the money alleged to have been loaned to pay taxes was paid to D. H. Lee. Respondent says that the money—we are now speaking of the $500 item—was loaned to pay taxes on certain property owned by G. W. Lee. But there is no evidence, other than the power of attorney, to show agency, nor is there any evidence tending to prove that "D. H. Lee and G. W. Lee are now in business together," so as to sustain the finding of the court upon the theory of partnership. Nor does the record disclose the fact that the money was ever paid over in whole or in part to G. W. Lee, or that any taxes were paid with it, a fact which, if appearing, would tend to support plaintiff's theory of the case.

Following the frequently announced policy of this court, we are disposed to follow the finding and conclusion of the court that D. H. Lee borrowed the money, but we cannot hold, under the facts as they are disclosed in the record, that G. W. Lee and Anna Lee ever had any notice or knowledge of the loan, or that they obtained or used the money for the purpose specified, or for any other. We have not overlooked the admission of G. W. Lee that there were certain delinquent taxes and outstanding certificates on his land, but this fact

is clearly insufficient when standing alone to sustain a judgment.

Appellants contend that if the proof of agency fails, no recovery can be had against D. H. Lee; this upon the ground that, where the agency is disclosed and no fraud is proven, the principal and not the agent is the proper party. *Wilson v. Wold,* 21 Wash. 398, 58 Pac. 223, 75 Am. St. 346. As we read the record, D. H. Lee is not sued as an agent, but as a principal, and if the evidence of the plaintiff is to be believed, he is severally liable for the repayment of the money borrowed.

As for the $20 check, the evidence does not in any way connect G. W. Lee and Anna Lee with either its giving or receipt. If it represents a debt, it is that of D. H. Lee.

The case is affirmed as to D. H. Lee, and reversed and remanded for a new trial as against G. W. Lee and Anna Lee.

GOSE, MOUNT, and PARKER, JJ., concur.


ON RETAXING COSTS.

[Decided August 12, 1913.]

PER CURIAM.—An opinion was filed in this case on July 10, 1913, reversing the judgment as to G. W. Lee and wife and affirming it as to D. H. Lee; and subsequently, and more than ten days thereafter, the respondent Thomas and appellants G. W. Lee and wife filed cost bills, each claiming the entire costs incurred by them on the appeal, and excepting to the cost bill filed by the other. The matter of the taxation of the costs is now before the court for its decision upon a stipulation of counsel. Appellants all appeared by the same counsel.

The clerk, we find, has allowed Thomas one-half of his costs against D. H. Lee and has also allowed G. W. Lee and wife one-half of their costs against Thomas.

We find the costs to be properly apportioned.