[No. 10709.   Department Two.   February 11, 1914.]

JOSEPH R. H. JACOBY, *Respondent*, v. A. G. HOLLADA *et al.*,
*Appellants.*[1]

APPEAL—BOND.  An appeal will not be dismissed for failure of
one of the appellants to execute the bond on appeal, where the con-
dition of the bond shows that it was executed on behalf of both
the appellants giving the notice of appeal.

FRAUD—MISREPRESENTATIONS—VALUE.  There is a material misrep-
resentation of facts, constituting actionable fraud, where property
traded for was at a distance and the vendor stated it was of the
value of $2,500 and rented for $12.50 per month, when it was worth
but $600 and rented for $7 per month, and he knew the vendee was
not acquainted with the property and would rely on the representa-
tions. ·

Appeal from a judgment of the superior court for King
county, Smith, J., entered May 25, 1912, upon findings in
favor of the plaintiff, in an action on contract, tried to the
court.  Reversed.

*Herr, Bayley & Wilson*, for appellants.

*Shorett, McLaren & Shorett*, for respondent.

CROW,   C.   J.—Action   on   a   promissory   note,   by
Joseph R. H. Jacoby against A. G. Hollada and Jane Doe
Hollada, his wife.  From a judgment in plaintiff's favor, the
defendants have appealed.

Respondent has moved this court to dismiss the appeal for
the reasons that appellant Jane Doe Hollada failed to exe-
cute any appeal bond as required by statute; that she ap-
peared and filed an answer, and that no notice of appeal was
served on her by her codefendant.   The condition of the
bond shows that it was executed on behalf of both defendants.
The notice of appeal was given for both defendants.   The
bond was signed for appellant A. G. Hollada by his attorney,
and was also executed by the surety.   On the authority of

[1]Reported in 138 Pac. 558.

*Gerlach v. Spokane,* 68 Wash. 589, 124 Pac. 121, the motion to dismiss must be denied.

On July 20, 1910, appellant A. G. Hollada and respondent executed a written agreement for an exchange of property. Respondent sold to appellant A. G. Hollada several pieces of real estate in the city of Seattle and the city of Pullman, and also sold him an interest in a real estate business, taking in exchange, subject to certain debts, a mercantile business owned by appellant the value of which was ascertained by an inventory. The note sued upon in this action was given for $800 by appellant A. G. Hollada to respondent in closing the trade. Partial payments to the amount of $307.50 were made on August 20, 1910, before appellants discovered the fraud hereinafter mentioned.

Appellants admitted the execution of the note and the partial payment, but pleaded several defenses, and asked an affirmative judgment for damages predicated upon respondent's alleged fraud. The only defense and claim for damages urged at the trial pertained to the Pullman lots. Appellants alleged that, at the time of the trade, respondent stated that these lots with the improvements were of the value of $2,500, and that a building located on the lots was then renting for $12.50 per month. They further alleged, that appellants had never been in Pullman; that they had never seen the lots; that respondent knew that fact, and further knew that in making the trade appellants relied upon his statements of the value of the lots and the rent being received for the improvements thereon; that later appellants learned the lots and improvements were of no greater value than $850, and that, by reason of respondent's false and fraudulent statements upon which they relied, they had been damaged in the sum of $1,675. This was denied by the reply.

Upon the trial, appellant and his wife testified to the statements of value and rental made by respondent as pleaded. Appellant A. G. Hollada further testified that, about sixty days after the deal was closed, he had ascertained the lots

and improvements thereon did not exceed the value of $650; that the property was renting for only $7 per month; and that, at the time of the trade, rent had been paid in advance for a period of about eight months. One D. B. Putman, a Pullman real estate agent, testified that the value of the Pullman property did not exceed $650; that the building was in a dilapidated condition and needed repairs; and that, in the summer of 1910, respondent offered to sell the property to him for $600 cash.

At the close of this evidence, the court sustained respondent's motion to dismiss appellants' affirmative defense, and entered judgment upon the note. The theory upon which the trial judge acted was that respondent's statement relative to the value of the property was an expression of opinion only, upon which the appellant Hollada was not entitled to rely; that appellant had an opportunity to inform himself; that he could have visited Pullman at an expense not exceeding $100, but failed to do so, and that he could not recover upon his affirmative defense.

The evidence was sufficient to sustain a finding that respondent's statements were more than a mere expression of opinion. It shows that he knew appellant had not visited the property, but was relying upon his statement. If the statement of the witness Putman is to be accepted, as it must be on respondent's motion, respondent knew that, at or about the time of the trade, he had offered to sell the same property for $600 cash. The disparity between the price at which he was willing to sell and the value which he placed upon it when trading with appellants, shows that he intended to impress upon appellant's mind a value far in excess of what he knew the actual value to be. While the courts frequently recognize the rule that a statement of the value of property in a trade may be regarded as a mere matter of opinion, which cannot become the basis of an action for fraud, the rule is equally well established that statements of value, as a representation of fact intentionally made to one

who is ignorant of the condition and location of the property, and who relies upon them, may become the basis of such an action. It is not disputed that the Pullman lots were at a considerable distance from the parties making the deal. In *Murray v. Tolman*, 162 Ill. 417, 44 N. E. 748, the court said:

" 'Where the vendee is wholly ignorant of the value of the property, and the vendor knows this, and also knows that the vendee is relying upon his (the vendor's) representations as to the value, and such representation is not a mere expression of opinion, but is made as a statement of fact, which statement the vendor knows to be untrue, such a statement is a representation by which the vendor is bound.' "

Upon the record now before us, it appears that respondent knew the Pullman property was of no greater value than $650; that he had offered to sell it about the time of the trade for $600, and that he knew Hollada had not seen it, but was relying upon his statements. In *Pinch v. Hotaling*, 142 Mich. 521, 106 N. W. 69, the court said:

"The contention made is that the statement of value was a mere matter of opinion, and cannot be made the basis of an action for fraud. This is a statement of the general rule, but the rule established by the weight of authority is that false statements of value intentionally made to one who is in ignorance of the quality and value, under circumstances indicating a purpose that such statements are to be relied upon, and where the party to whom they are made has no opportunity to examine the property, may be treated as an affirmation of fact and fraudulent. . . . It was beyond dispute that the land was at a distance, and that defendants were not understood by plaintiff to have any knowledge of its value from other sources."

See, also, *Chapman v. Hill*, 77 Wash. 475, 137 Pac. 1041, and cases there cited.

In addition to the respondent's statements as to value, the evidence shows that he told appellant the property was rented for $12.50 per month, although it was rented for only $7 per month. This was a material misrepresentation of a fact to appellant. It would be apparent that property rented

for $12.50 per month would have a greater value than if it rented for $7 per month. Manifestly this statement would induce appellant to more readily believe respondent's other statement that the market value of the property was $2,500. No evidence was introduced on behalf of respondent. The decision was·in· the nature of a nonsuit as to appellants' claim. Upon the entire record, we conclude that the evidence was sufficient to sustain a finding in favor of appellants, and to require respondent to meet appellants' case with evidence.

The judgment is reversed, and the cause is remanded for a new trial.

FULLERTON, ELLIS, MORRIS, and MAIN, JJ., concur.