[No. 15276. Department Two. May 5, 1919.]

JACOB ZITTEL *et al., Respondents,* v. EDWARD F. MEYER *et al., Appellants.*

JAMES P. BALL, *Appellant,* v. JACOB ZITTEL *et al.,* AND HENRY F. HOLZKAMP *et al., Respondents.*[1]

APPEAL (236)—SUPERSEDEAS—AMOUNT OF PENALTY—MONEY JUDGMENT—PARTIES AFFECTED. Upon appeal by defendants from the entire judgment entered in consolidated actions, which included two money judgments and other relief, a cost and supersedeas bond by one of the defendants, of which a coappellant is seeking the benefit, must be in double the amount of the two money judgments, with costs; or, in the alternative, the notice of appeal of such defendants must be amended to specify with certainty the portions of the judgment from which their appeal is taken.

Motion filed in the supreme court April 5, 1919, to require an additional cost bond, or, in the alternative, to dismiss an appeal from the superior court of Grant county, Hill, J. Granted.

[1]Reported in 180 Pac. 921.

*J. P. Ball* and *Wm. T. C. Ball,* for appellants.

*Daniel T. Cross* and *Jones & Riddell,* for respondents.

HOLCOMB, J.—The present litigation is a consolidation, for the purposes of trial, of four cases, two of which were brought by appellant Ball to foreclose mortgages assigned to him by certain alleged transferrers in the course of transactions had between Ball and wife and their coappellants Meyer and wife and certain third persons. The other two actions were for the recovery of moneys from Meyer and wife, and also against Ball and wife to enjoin the transference of the real estate involved and the negotiation of certain promissory notes given by certain third persons during the course of certain alleged fraudulent transactions, and to secure reconveyance of the real estate involved by Ball and wife. Ball claims to have a separable interest in the property apart from Meyer, his coappellant. Upon the trial of the consolidated causes, the trial court found in favor of the respondents that their complaint was sustained by the evidence, and rendered judgment in their favor in one cause in the sum of $2,100 against Meyer and wife, and in another cause in the sum of $150 against Meyer and wife; and in the foreclosure proceedings by Ball and wife, denying foreclosure of the alleged mortgages and enjoining Ball and wife from negotiating the promissory notes and decreeing reconveyance by Ball and wife to the respondents of certain parcels of the land in question. Upon the judgment being entered in the trial court, within the time for appeal, Ball, as attorney for the defendants, including himself and wife, served and filed notice of appeal in the following language:

"That the defendants in the above entitled action hereby appeal to the supreme court of the state of Washington from the judgment therein entered in the said superior court on the 12th day of November, 1918, in favor of plaintiffs in said action and against said defendants; and from the whole thereof."

On November 12, 1918, defendant Ball, having intimated to the trial court that he desired to appeal from that part of the decree in which he claimed a separable interest, asked the court to make an order fixing the amount of the supersedeas bond which would be required of him in appealing from the portion of the judgment affecting himself and wife, as parties, and the court thereupon made such order, the material parts of which are as follows:

"Ordered that the amount necessary to supersede the judgment in the above entitled cause on appeal to the supreme court, exclusive of the money judgment and the judgments for costs, be and the same is hereby fixed in the sum of one dollar, but this order shall not be construed as fixing the amount of the supersedeas bond for money judgment and judgment for costs, but the amount necessary to supersede those portions of the decree shall be the amount required by the provisions of statute."

Respondents correctly assert that this is in form an appeal from the entire judgment by all of the unsuccessful parties, but with a bond which does not conform to the amount fixed by statute and which is executed by only a portion of the appellants. They have, therefore, moved the court, under Rem. Code, § 1730-9, that the appellants be required to file a supersedeas bond in the amount provided by statute, within a reasonable time to be fixed by the court, with alternative relief of dismissal of the appeal, etc.

It is argued by respondents that, under the rule of this court, which holds that a bond on appeal filed by

one of the appellants will inure to the benefit of all of them, hence preserving the appeal of all (citing *Spokane & Idaho Lumber Co. v. Loy,* 21 Wash. 501, 58 Pac. 672, 60 Pac. 1119; *Gerlach v. Spokane,* 68 Wash. 589, 124 Pac. 121; *Thomas v. Lee,* 74 Wash. 286, 133 Pac. 446, 134 Pac. 510; *Jacoby v. Hollada,* 78 Wash. 88, 138 Pac. 558, and others), the defendants Meyer, subject to a money judgment in a considerable amount, has had the benefit of a bond which is ridiculously below the amount of such money judgment against him.

Section 1730-9, Rem. Code, reads as follows:

"When a notice of appeal to the supreme court shall have been served and filed in due time and an appeal bond shall have been given within the time required by law, no appeal shall be dismissed because of any defect in the appeal bond, nor because an appeal bond which is given both as a cost bond and as a bond on supersedeas shall be insufficient by reason of the amount, but the appellant shall in all cases be allowed to give a new bond within such time and upon such terms as the court may order."

In the case of *Jacoby v. Hollada, supra,* the court found that case to be within the rule of *Gerlach v. Spokane, supra,* for the reason that "the condition of the bond shows that it was executed on behalf of both defendants. The notice of appeal was given for both defendants."

The bond given by James P. Ball and his wife in this case is conditioned as follows:

"Now, therefore, if the said principals James P. Ball and Laura L. Ball, his wife, shall pay to Jacob Zittel and Henry F. Holzkamp, the plaintiffs above named, all costs and damages that may be awarded against them on the appeal, or on the dismissal thereof, and shall satisfy and perform the judgment or order appealed from, in case it shall be affirmed, and any judgment or order which the supreme court

shall render or make, or order to be rendered or made by said superior court, then this obligation to be void; otherwise to remain in full force and effect.''

In the *Jacoby v. Hollada* case, *supra,* appellant Jane Doe Hollada had not executed any appeal bond in her own name. This was substantially the circumstance of the case of *Thomas v. Lee, supra.* The observation of the court in that case applies to the instant case: ''The bond is conditioned to pay the judgment; the objection, therefore, goes to the form rather than to the substance of the undertaking.'' In these cases there was no question as to the sufficiency of the amount of the bond; in the instant case, a coappellant is apparently seeking the benefit, under the foregoing principles of law, of a bond executed by another appellant in the same appeal, but in a sum clearly insufficient to cover the amount of the judgment awarded against him.

We hold that, under Rem. Code, § 1722, appellants must execute a supersedeas bond in the statutory amount, to wit, in double the amount of the money judgments of $2,100 and $150, respectively, awarded below, together with costs; or, in the alternative, appellants Ball and wife will be permitted to amend their notice of appeal to specify with certainty that such appeal is taken by them alone from those parts of the judgment below in which they claim a separable interest and which are directed to them alone. Such supersedeas bond or amended notice of appeal shall be filed within fifteen days from the filing of this opinion; and in the event of appellants' failure so to do, the appeal shall be dismissed.

CHADWICK, C. J., MOUNT, MITCHELL, and TOLMAN, JJ., concur.