CONGER v. THOMAS & LANE.

1. FRAUD—ACTIONABLE FRAUD—PROMISSORY STATEMENTS.
    Generally, statements promissory in character may not be made basis of actionable fraud.

2. SAME—WHEN PROMISSORY STATEMENTS MAY BE CONSIDERED.
    Where promise is made in bad faith, with no present intent to perform it, and it dovetails into and forms part of scheme to defraud, it may be considered by court.

3. Vendor and Purchaser—Fraud—Rescission—False Promises.
    Where, in suit by vendee to rescind land contract on ground of
    fraud, there was testimony showing bad faith on part of
    defendants, and that instant sale was part of scheme to
    defraud, plaintiff's right to relief is not defeated by fact
    that fraud complained of was brought about partly by false
    representations and partly by false promises.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted April 8, 1932. (Docket No. 63, Calendar No. 36,396.) Decided June 6, 1932.

Bill by Marguerite E. Conger against Thomas & Lane, a copartnership, and others to rescind a land contract. Decree for plaintiff. Defendants Thomas & Lane appeal. Affirmed.

*Ralph E. Routier,* for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell,* for defendants Thomas & Lane.

Potter, J.  Plaintiff filed her bill of complaint in the Wayne county circuit court in chancery to rescind a land contract on the ground of fraud and for ancillary relief. From a decree for plaintiff, defendants appeal.

The defendants Thomas & Lane are copartners, and were engaged in subdividing and selling real estate in Windsor, Ontario, prior to the time the Ambassador bridge opened, seeking to take advantage of the inflation of prices incident to the building and opening of the international bridge across Detroit river. It is claimed plaintiff had no experience in real estate, and defendants Thomas & Lane were experienced subdividers and promoters of real estate sales. Defendants Thomas & Lane, through Ambassador Development Corporation, of which

Orson A. Towle purported to be the secretary and treasurer, selling agent, sold plaintiff the lot in question for $12,725. Plaintiff claims defendants' selling agent represented to her she would only be required to pay the down payment upon the contract of purchase; that defendants would resell the property before further payments were required, at a profit to her, or would return to her the money paid for the down payment upon the property and retake the property and release her from liability.; that these statements were false, were made to be relied upon by her, were relied upon by her, and she was deceived, misled, and defrauded thereby. It is claimed the defendants knew, at the time the sale was made to plaintiff, she did not have sufficient means to enable her to make the payments provided in the contract, and she relied upon their statements such payments would not have to be made, and such false statements were made to deceive and defraud her and to procure her money which she paid upon the contract; that on account of the fraudulent character of the representations being made to her by defendants to sell the Canadian property in question, defendants did not dare to directly make such sales, and so put forward a fraudulent corporation, known as the Ambassador Development Corporation, which purported to be an Illinois corporation, but which, if ever incorporated, was never admitted to do business in the State of Michigan, had no Michigan license, and was engaged in business in Michigan in violation of law. Defendants Thomas & Lane paid the office rent of the Ambassador Development Corporation, and accepted the benefits accruing from the action of this alleged corporation. Defendants deny all fraudulent conduct and intent in connection with the sale of the property in ques-

tion to plaintiff, and insist the transaction of sale to her was open and aboveboard, honestly conducted, and, conceding all plaintiff claims, the representations alleged in the bill of complaint and proven are promissory in character and cannot be made the basis of actionable fraud, and consequently the decree of the trial court should be reversed. It may be conceded the general rule is that statements promissory in character may not be made the basis of actionable fraud, but like other general rules this one has been made the subject of many exceptions.

Where a jeweler made false statements of value to one whom he knew to be ignorant to defraud him, value was regarded as a question of fact.

"If value can be regarded in any case as a material fact, then it may be made the subject of a warranty." *Picard* v. *McCormick,* 11 Mich. 68, 75.

"Any purchaser must expect that the vendor will seek to enhance his wares, and must disregard the vendor's statements as to value. This is undoubtedly the general rule, but it is subject to exceptions. Where the defendant knows that the plaintiff is wholly ignorant of the value of the property, and knows that he is relying upon the defendant's representation, and such representation does not take the form of a mere expression of opinion, and is in the nature of a statement of fact, the rule of *caveat emptor* does not necessarily apply." *Maxted* v. *Fowler,* 94 Mich. 106, 109.

Where it was claimed representations as to the value of a machine were but expressions of an opinion and not actionable, it was said:

"This is undoubtedly the general rule, but in the present case it appears that the defendants knew nothing of its value, and signed the order relying wholly upon the statements of the agent. It was

the statement of a fact which the agent knew to be false.'' *Peck* v. *Jenison,* 99 Mich. 326.

''The contention made is that the statement of value was a mere matter of opinion, and cannot be made the basis of an action for fraud. This is a statement of the general rule, but the rule established by the weight of authority is that false statements of value intentionally made to one who is in ignorance of the quality and value, under circumstances indicating a purpose that such statements are to be relied upon, and where the party to whom they are made has no opportunity to examine the property, may be treated as an affirmation of fact and fraudulent.'' *Pinch* v. *Hotaling,* 142 Mich. 521, 525.

In *Steele* v. *Banninga,* 225 Mich. 547, at p. 556 it is said:

''The dividing line between a false representation and a mere opinion is not well marked, and cannot be marked in the abstract, as it must necessarily depend upon the facts in a case. If defendant, for the purpose of deceiving the plaintiffs as to the title, gave them an opinion he knew to be untrue, and they relied thereon, then he cannot escape liability for, in such event, it was not an opinion distinguishable from a false representation. * * * If the representations made by defendant were the moving and procuring reason for plaintiffs' purchase, defendant cannot be heard to say that, if they had not believed him but had used diligence to verify what he had said, they would have discovered reasons for not purchasing.''

''The doctrine announced in the cases relied on by the defendant and cited above has no application to representations though promissory in character but which are made in bad faith and as a part of a scheme to defraud, or where the fraud is partly by

false promises and partly by false representations of facts.'' *Becker* v. *Illinois Life Ins. Co.,* 227 Mich. 388.

''Where a promise is made in bad faith with no present intent to perform it, and it dovetails into and forms a part of the scheme to defraud, it may be considered by the court.'' *Matteson* v. *Weaver,* 229 Mich. 495.

''Where a false representation of value is intentionally made to a person ignorant of value, with the purpose that such statement is to be relied upon, the representation is in the nature of a statement of fact and will support an action of fraud.'' *Gugel* v. *Neitzel,* 248 Mich. 312, 317.

There is proof defendants put forward the Ambassador Development Corporation as their agent; paid its office rent, acted through it, procured, through it, the sale of the land in question to plaintiff; that the Ambassador Development Corporation was doing business illegally in Michigan; that defendants knew the fictitious value placed upon the property in question; that the representations by defendants' agent were false and fraudulent in fact. Plaintiff testifies she was deceived thereby to her injury.

There was testimony to show bad faith on the part of defendants, that this sale was a part of a scheme to defraud, and the fact the fraud complained of was brought about partly by false representations and partly by false promises is not sufficient to defeat plaintiff's right to recover.

Decree affirmed, with costs.

CLARK, C. J., and SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. McDONALD, J., did not sit.