SZARKOWSKI *v.* PFISTER.

1. EXCHANGE OF PROPERTY—RESCISSION—FRAUD—OPINION—INTENT.
   In suit to rescind contract for exchange of plaintiffs' city property for farm, false statements made by owners of farm as to its value and profit from operating it, made with knowledge of plaintiffs' ignorance of farming and farm values and for purpose of being relied upon, constituted fraud, although in form of opinion, and although plaintiffs saw farm before trade.

2. FRAUD—FALSE REPRESENTATIONS PROMISSORY IN CHARACTER.
   Where fraud is committed partly by false promises and partly by false representations of fact, representations, though promissory in character, which are not made in good faith but as part of scheme to defraud, are fraudulent.

3. EXCHANGE OF PROPERTY—RESCISSION—STATU QUO.

Ordinarily, one who seeks to rescind contract must put opposite party in *statu quo;* but in cases where, acting in good faith, property has been so changed or lost that it cannot be restored in specie, rescission may nevertheless be granted, if its value is capable of ascertainment.

4. SAME—CUTTING WOOD.

Cutting 48 cords of wood from dead timber on farm did not preclude rescission of contract whereby farm was exchanged for city property, since value of wood was capable of ascertainment.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 6, 1933. (Docket No. 65, Calendar No. 36,833.) Decided March 2, 1933.

Bill by Frank Szarkowski and another against Albin B. Pfister and another to rescind an exchange of real estate. Decree for plaintiffs. Defendants appeal. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiffs.

*Frederick C. Cogshall,* for defendants.

POTTER, J.   October 21, 1931, plaintiffs filed a bill to rescind, on the ground of fraud, an exchange of real estate, and for other relief. Defendants deny the fraud charged. From a decree for plaintiffs, defendants appeal. Plaintiffs, prior to the exchange of the property involved, lived in Chicago where plaintiff Frank Szarkowski was a bricklayer. They owned a house and lot in Chicago subject to a mortgage of $2,000. This they exchanged for 60 acres of land in Allegan county, subject to a mortgage to the Federal Land Bank of $2,300, giving to defendants a second mortgage of $1,200, to boot. Plaintiffs de-

sired to sell their Chicago property. Eventually a
real estate broker got in touch with them and with
defendants, and negotiations for an exchange of
their properties commenced. There is ample evi-
dence to show defendants, and the broker acting for
them, represented the fair market value of the farm
in Allegan county to be $18,000; was good, produc-
tive soil, and defendants were doing a summer re-
sort business which would be profitable; the grapes
on the farm were a source of substantial income,
and such farm was operated, and could be operated
by plaintiffs, at a profit. A list of resorters was
given by defendants to plaintiffs. It is claimed, and
there is proof to show, the farm was worth between
$3,500 and $4,000. The soil was mostly light sand,
which, one witness testified, was alone worth but
$5 an acre. The grapes and apples on the farm
brought but $100. After plaintiffs took possession,
they found the farm was leased to croppers who
claimed and took their share of the products of the
farm. Crops were poor and the resort business a
magnified tale of prospective profits based upon
nebulous hopes. Plaintiffs saw the farm before the
trade was made, and it is claimed the representa-
tions made by defendants of its value were matters
of opinion and cannot be made the basis of an action
of fraud.

In *Pinch* v. *Hotaling,* 142 Mich. 521, 525, it is said:

"The contention made is that the statement of
value was a mere matter of opinion, and cannot be
made the basis of an action for fraud. This is a
statement of the general rule, but the rule estab-
lished by the weight of authority is that false state-
ments of value intentionally made to one who is in
ignorance of the quality and value, under circum-
stances indicating a purpose that such statements

are to be relied upon, and where the party to whom they are made has no opportunity to examine the property, may be treated as an affirmation of fact and fraudulent. See 14 Am. & Eng. Enc. Law (2d Ed.), p. 125; *Simar* v. *Canaday,* 53 N. Y. 298 (13 Am. Rep. 523); *Cressler* v. *Rees,* 27 Neb. 515 (43 N. W. 363, 20 Am. St. Rep. 691); *Hedin* v. *Minneapolis Medical & Surgical Institute,* 62 Minn. 146 (64 N. W. 158, 35 L. R. A. 417, 427 note, 54 Am. St. Rep. 628); *Collins* v. *Jackson,* 54 Mich. 186; *Maxted* v. *Fowler,* 94 Mich. 106, 109; 16 Cyc. p. 749.''

Plaintiffs, who were Polish immigrants, without knowledge of the value of land in Allegan county, with no experience in farming, prone to rely upon statements made to them, stand on a different footing than they would if, from knowledge of farming in Allegan county and experience therewith, they had traded for land therein. Then their knowledge of the value of the land visited might estop them from claiming fraud; but plaintiffs were city dwellers, with no knowledge of the value of farms in Allegan county, no experience in farming there or elsewhere, with little knowledge of the American language, and the statements made to them by defendants were made with knowledge of plaintiffs' ignorance, for the purpose of being relied upon and with such expectation and such statements of value, though in the form of opinion, relied upon by plaintiffs to whom they were made, constitute actionable fraud. *Gothe* v. *Kakis,* 257 Mich. 364.

There was testimony of statements by defendants which they insist were promissory in character and cannot be made the basis of fraud. Where a fraud is committed partly by false promises and partly by false representations of fact, representations, though promissory in character, which are not made

in good faith but as a part of a scheme to defraud, are nevertheless fraudulent. *Becker* v. *Illinois Life Ins. Co.,* 227 Mich. 388; *City Investment Co.* v. *Zimni,* 255 Mich. 388; *Conger* v. *Thomas & Lane,* 258 Mich. 702; *Van Dellen* v. *Van Dellen,* 259 Mich. 275.

When plaintiffs discovered they had been defrauded, they tendered a deed of the premises to defendants. They were compelled to live upon the farm. They had no other place to live, and while living there 48 cords of wood were cut for them on shares by a third party from dead timber in the wood lot upon the premises. Defendants insist that this precludes their right to rescind.

Ordinarily, one who seeks to rescind a contract must put the opposite party in *statu quo;* but in cases where, acting in good faith, property has been so changed or lost that it cannot be restored in specie, and where its value is capable of being ascertained, a party entitled to may rescind a contract, although he cannot place the other party in *statu quo. Wright* v. *Dickinson,* 67 Mich. 580 (11 Am. St. Rep. 602); *Munzer* v. *Stern,* 105 Mich. 523 (29 L. R. A. 859, 55 Am. St. Rep. 468); *Zadel* v. *Simon,* 221 Mich. 180.

We find no error in the decree of the trial court, which is affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.